IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIELA BOWMAN,

      Plaintiff,

v.                                                                           No. 1:21-cv-00675-SCY

CORDELIA FRIEDMAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO STRIKE ANSWER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Strike Defendant's Answer, filed October 27, 2021. Doc. 21.

Plaintiff asks the Court to strike Defendant's Answer because "Defendant's Answer is untimely and as such the Defendant filed this Answer without seeking Leave of Court." Motion at 1. Although Defendant did not timely file her Answer, the Court has set aside the Clerk's Entry of Default for good cause. *See* Doc. 40, filed January 6, 2022.

Plaintiff also asks the Court to strike Defendant's Answer because on page 28 of the Answer "Defendant Friedman asks the Court to dismiss the Complaint in its entirety... Fed. R. Civ. P. 7 is very clear that pleadings such as an Answer to Complaint is not a motion and cannot contain a dispositive motion[]." Motion at 2. The Court will not strike Defendant's Answer for "ask[ing] the Court to dismiss the Complaint" because Defendant has filed a separate motion to dismiss the Complaint. *See* Doc. 19, filed October 27, 2021.

Finally, Plaintiff asks the Court to strike Defendant's Answer because all of Defendant's defenses "are insufficient defenses, 'sham', or frivolous defenses." Motion at 3, ¶ 7.

> Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are

> viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953); *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir.1977). The function of the motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir.1986) (quoting *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983)).
>
> A motion to strike should be granted if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir.1991) (citations and internal quotation marks omitted).

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy ...

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004) (footnotes omitted).

Defendant asserted the following defenses:

1.      Defendant is immune from suit for tort under the New Mexico Tort Claims Act because sovereign immunity was not waived for the acts and omissions alleged in the Complaint.

2.      Plaintiff received all due process due to her in her lawsuit seeking a refund of her gross receipts tax payment against the New Mexico Taxation and revenue Department, including an appeal to the New Mexico Court of appeals which affirmed the dismissal of her complaint. Plaintiff also filed a petition for writ of certiorari seeking review by the New Mexico Supreme Court to the Court of Appeals' decision, which petition was denied. For that reason, she cannot maintain this suit to receive the relief from the final order issued in the State lawsuit.

3. Plaintiff's lawsuit is barred by the doctrines of res judicata and collateral estoppel.

4. Defendant Friedman is entitled to immunity from suit under the New Mexico Tort Claims Act, NMSA 1978, §§41-4-1 through 41-4-30 (2021), because at all times material to her acts she was a state actor employed by the State of New Mexico and there is no exception to governmental immunity in the Tort Claims Act for the acts complained of in this Complaint.

5. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

6. Plaintiff's Complaint fails to identify a constitutional deprivation or denial giving rise to a 42 U.S.C. § 1983 claim.

7. Plaintiff cannot establish the threshold facts to support her claim for punitive damages in this case.

8. Plaintiff's complaint states no set of facts which would entitle her to relief in the form of "compensatory damages."

9. Because Plaintiff was a state actor at all times material to this Complaint, she is immune from liability for punitive damages.

10. None of Defendant Friedman's acts or omissions either caused in fact, or were the proximate cause of Plaintiff's claimed damages.

11. This Court lacks federal subject matter jurisdiction to determine the claims in this suit.

12. Defendant is entitled to qualified immunity from suit in this case.

Answer at 28-29.

Plaintiff asserts that Defendants' defenses Nos. 1, 4, and 9, which relate to immunity from suit under the New Mexico Tort Claims Act ("NMTCA") and punitive damages pursuant to 42 U.S.C. § 1983, should be stricken because Plaintiff "relies on 42 U.S.C. § 1983" and Plaintiff is suing Defendant in her "individual capacity." Motion at 3-4, ¶¶ 9-11. Plaintiff states that on September 29, 2021, she notified Defendants' attorneys that she filed the Complaint against Defendant "in her individual capacity." Motion at 4, ¶ 10. However, the Complaint does not

indicate that the claims are asserted against Defendant solely in her individual capacity. Construing Plaintiff's Complaint liberally, as it must because Plaintiff is proceeding *pro se*, it appears that Plaintiff filed the Complaint against Defendant in her official capacity because it states Defendant "as a Special Assistant Attorney General, represented the New Mexico Taxation and Revenue Department in a lawsuit" in state court. Complaint at 1. Rule 8(c) states a defendant "must affirmatively state avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Immunity is an affirmative defense. *See Bentley v. Cleveland County Bd. of County Comm'rs*, 41 F.3d 600, 604 (10th Cir. 1994) ("this Court has long held that both qualified and absolute immunity are affirmative defenses that must be pleaded").

Plaintiff contends that Defendant's defense No. 2, which states "Plaintiff received all due process due to her in her lawsuit," is insufficient "because it states incorrect facts." Motion at 4, ¶ 12 ("This suit is not about taxes or employment issues. Plaintiff is not pursuing relief from the state court's final order"). "[C]ourts may not resolve disputed and substantial factual or legal issues[s] in deciding ... a motion to strike." *Whittlestone, Inc. v. Handi-Craft Co.*, 681 F.3d 970, 973 (9th Cir. 2010)).

Plaintiff states that some of the defenses, Nos. 3 (res judicata), 11 (lack of subject-matter jurisdiction), 5 (failure to state claim), 6 (failure to identify constitutional deprivation), 12 (qualified immunity) are "bare bones and boilerplate allegations giving no fair notice to Plaintiff of how to prepare for discovery." Motion at 5-6, 8, ¶¶ 13-15, 18. Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure only requires that "In responding to a pleading, a party must ... state in short and plain terms its defenses to each claim asserted against it." The factual bases for these defenses are inferable from the denials and admissions in Defendant's Answer.

Plaintiff asserts defenses Nos. 7 (cannot establish facts for punitive damages), 8 (no facts showing entitlement to compensatory damages), and 10 (Defendant's actions did not cause Plaintiff's damages) are frivolous defenses stating:

> "[A] frivolous plea is one which on its face sets up no defense, although it may be true." *In re BEAM*, 93 N.J. Eq. 593 (1922). Whether Plaintiff can support a claim for damages or proximate cause has no bearing on the Defendant's actions described in the Complaint and provides no excuse or defense for those actions. The applicable law determines liability first based on Plaintiff's allegations for Constitutional deprivation and the Defendant's defenses on her actions, not how well Plaintiff pleaded on her damages.

Motion at 6-7. Rule 8(c) requires Defendant to set forth in her Answer "any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).

> In applying the pleading rules established by the Federal Rules of Civil Procedure, we strive to "avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (internal quotation marks omitted). Further, in determining whether an issue should be treated as an affirmative defense for purposes of pleading, the critical question (absent a contrary command by statute or rule, such as the list of affirmative defenses in Rule 8(c)) is whether requiring the defendant to plead the matter is necessary to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed. *In re ZAGG Inc. S'holder Derivative Action*, 826 F.3d 1222, 1231 (10th Cir. 2016) (internal quotation marks omitted).

*Inge v. McClelland*, 725 F. App'x 634, 637 (10th Cir. 2018). Although Defendant's defenses Nos. 7, 8 and 10 may not be affirmative defenses, striking them from Defendant's Answer will not necessarily avoid the expenditure of time and money that may arise from litigating the issues relating to damages. *See Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) ("The function of the motion [to strike] is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case"); 5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at

5

433-36 (3d. ed. 2004) (a motion to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy").

For the reasons stated above, the Court denies Plaintiff's Motion to Strike Defendant's Answer.

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendant's Answer, Doc. 21, filed October 27, 2021, is **DENIED.**

_____
**UNITED STATES MAGISTRATE JUDGE**