IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIELA BOWMAN,

    Plaintiff,

vs.                                                                    No. CIV 21-0675 JB/SCY

CORDELIA FRIEDMAN,

    Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER SETTING ASIDE ENTRY OF DEFAULT**

**THIS MATTER** comes before the Court on the Plaintiff's Objections to Court's Order, filed January 20, 2022 (Doc. 42)("Objections"). Pursuant to rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff Daniela Bowman, who appears pro se, objects to the Honorable Steven C. Yarbrough, United States Magistrate Judge in the United States District Court for the District of New Mexico's Memorandum Opinion and Order Granting Motion to Set Aside Default, filed January 6, 2022 (Doc. 40)("Order Setting Aside Default Judgment"). See Objections at 1. For the reasons stated below, the Court will overrule Bowman's Objections.

**FACTUAL AND PROCEDURAL BACKGROUND**

Bowman initiated this case on July 21, 2021. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 21, 2021 (Doc. 1)("Complaint"). After Defendant Cordelia Friedman did not timely file an answer, Bowman requested that the Clerk of Court enter an Entry of Default. See Request for Clerk's Entry of Default, filed August 27, 2021 (Doc. 9). The Clerk of Court filed an Entry of Default on September 1, 2021. See Clerk's Entry of Default, filed September 1, 2021 (Doc. 10).

Friedman subsequently filed her Answer to Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 15, 2021 (Doc. 15), and her Motion to Set Aside Entry of Default, filed September 29, 2021 (Doc. 13)("Motion"). Friedman, who is a Special Assistant Attorney General, and represented the New Mexico Taxation and Revenue in a lawsuit in state court that Bowman filed, states:

> Here, good cause exists to set aside the clerk's entry of default against Ms. Friedman. Ms. Friedman's delay was not culpable, willful, or without excuse. Documentation of receipt of this lawsuit was inadvertently submitted through email, not through the website required by the New Mexico Risk Management Department. Therefore, by mistake and nothing more, the internal systems did not timely receive notice of the lawsuit. Through no fault of her own, Ms. Friedman was unable to timely respond to Plaintiff's Complaint. As soon as the error was discovered, the lawsuit was sent through the proper channels, and counsel for Ms. Friedman promptly filed an Entry of Appearance in the case on September 23, 2021. [Doc. 11]. Ms. Friedman did not act culpably, willfully, or without excuse during this delay. An inadvertent and honest mistake caused the delay, providing this Court with the required good cause to set aside the entry of default.

Motion at 3. Friedman also argues that Bowman "is neither prejudiced by the inadvertent, short delay in proceedings, nor by setting aside the entry of default against Ms. Friedman." Motion at 3.

Bowman opposes Friedman's Motion, asserting: (i) Friedman "was served personally with the Complaint and Summons on August 4, 2021"; (ii) "Friedman is a legally sophisticated party"; (iii) "Friedman intentionally ignored the legal process she knew she had to follow"; (iv) Friedman "did not provide meritorious defense"; and (v) "[a]ny further delay in these proceedings will cause further monetary, emotional, and health damages to Plaintiff." Plaintiff's Response to Defendant's Motion to Set Aside Entry of Default ¶ 4, at 2; ¶ 8, at 3; ¶ 12, at 4; ¶ 27, at 8; ¶ 36, at 9, filed October 13, 2021 (Doc. 14). Magistrate Judge Yarbrough granted Friedman's Motion to set aside entry of default, holding:

> The Court finds that Defendant's failure to timely file her Answer was the result of mistake, not willful misconduct. While Defendant is a "legally sophisticated party," Plaintiff has not set forth any facts showing that Defendant

intentionally ignored service of process, that she did not timely submit the Complaint to her superiors as she is required to do, or that she did not promptly remedy the mistake after learning of the mistake.

. . . .

The Court finds that the delay in the filing of Defendant's Answer will not unfairly prejudice Plaintiff. Although Plaintiff will undoubtedly experience stress inherent to litigation, no reason exists to believe this stress will be any greater than the stress Plaintiff would have anticipated when she filed her lawsuit. Further:

> "[D]elay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Group*, 815 F.2d at 398 (internal quotation marks omitted). Nor does increased litigation cost generally support entry of default. *$22,050*, 595 F.3d at 325. Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."

*Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011); *see also FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir.1989) (explaining that "[t]he issue [in the context of a Rule 55(c) motion to set aside a default] is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion."); *Sherrard v. Macy's System and Technology Inc.*, 724 F. App'x. 736, 738 (11th Cir. 2018) ("[T]here is no prejudice in requiring a plaintiff to prove his or her case"). Plaintiff has not shown that delay has resulted in the loss of evidence, created increased difficulties of discovery, or provide greater opportunity for fraud and collusion.

. . . .

Although it is true that Defendant did not present any possible meritorious defenses in her Motion to Set Aside Default, Defendant asserted a potentially meritorious defense in her Answer.

Order Setting Aside Default Judgment at 3-5. Judge Yarbrough concludes:

Defendant's inadvertent mistake, her prompt action to correct its default, the lack of prejudice, and a meritorious defense are sufficient to show good cause for setting aside the Entry of Default. Setting aside the Entry of Default is consistent with the Court's preference that cases are resolved on the merits and not by default judgment.

Order Setting Aside Default Judgment at 6.

Bowman now "objects to certain facts and statements made by the Court in the MEMORANDUM OPINION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT." Objections at 1 (emphasis in original). Bowman states:

> The Court explained that the basis for its decision was that "Plaintiff has not set forth any facts showing that Defendant intentionally ignored service of process" when in fact, the Plaintiff listed four different documents served to the defendant (the Complaint, pleadings and notice) which the Court reiterated on the same page 3. By her own admission, the Defendant, a lawyer, intentionally ignored the service of the Complaint and the documents notifying her of her default because she was waiting for an assignment of a contract attorney by the state agency.

Objections at 1. Bowman also states: "On page 5 and 6, the Court recognized 'it is true that Defendant did not present any possible meritorious defenses in her Motion to Set Aside Default, Defendant asserted a potentially meritorious defense in her Answer.'" Objections at 3. Bowman argues that the "Plaintiff *addressed all affirmative defenses* the Defendant listed in her Answer when she filed a Motion to Strike the Defendant's Answer" and that "this Court is grounding its decision on the Defendant's Answer (without considering Plaintiff's Motion to Strike)." Objections at 4 (emphasis in original). Finally, Bowman objects to the

> Court's statement on page 6. Plaintiff is submitting this objection because it is not clear why the Court mentioned its Order to Show Cause, Doc. 6, filed July 23, 2021 (ordering Plaintiff to show cause why this case should not be dismissed for failure to state a claim) and how this Order played a role in the decision of the Court to grant Defendant's Motion to Set Aside the Entry of Default.

Objections at 5 (underlining in original).

## LAW REGARDING DEFAULT JUDGMENTS AND THE ENTRY OF DEFAULT UNDER RULE 55

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for a default judgment. See Fed. R. Civ. P. 55; United States v. Rivera, 2015 WL 4042197, at *9-12 (D.N.M. June 30, 2015)(Browning, J.). First, a party must obtain a Clerk's entry of default. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed

to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); Watkins v. Donnelly, 551 F. App'x, 953, 958 (10th Cir. 2014)(unpublished)[1]("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). Second, either the party must request the Clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2).

After entering default judgment, a district court takes all of the well-pleaded facts in a complaint as true. See United States v. Craighead, 176 F. App'x 922, 925 (10th Cir. 2006)(unpublished); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be

---

[1] Watkins v. Donnelly is an unpublished opinion, but the Court can rely on a United States Court of Appeals for Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Watkins v. Donnelly, United States v. Craighead, 176 F. App'x 922 (10th Cir. 2006), Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744 (10th Cir. 2009), and United States v. $285,350.00 in U.S. Currency, 547 F. App'x 886 (10th Cir. 2013), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

entered for that amount without any further hearing." United States v. Craighead, 176 F. App'x at 925 (alteration in original)(quoting 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure § 2688 (3d ed. 1998)). See Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). A court may enter a default judgment for a damage award without a hearing if the amount claimed is "'one capable of mathematical calculation.'" Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d 1189, 1202 (D.N.M. 2007)(Browning, J.)(quoting H.B. Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 145 (10th Cir. 1985), and citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983)). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." 10A Wright & Miller, supra, § 2688 (citing Pope v. United States, 323 U.S. 1, 12 (1944)). "If the damages sum is not certain or capable of easy computation, the court may" conduct such hearings or order such references as it deems necessary. Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d at 1202 (citing Beck v. Atl. Contracting Co., 157 F.R.D. 61, 64 (D. Kan. 1994)(Lungstrum, J.)). See Fed. R. Civ. P. 55(b)(2)(B) ("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages.").

"Default judgments are a harsh sanction." Ruplinger v. Rains (In re Rains), 946 F.2d 731, 732 (10th Cir. 1991). The Court has noted that, "[b]ecause default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction 'purely as a penalty for delays in filing or other procedural error.'"

Noland v. City of Albuquerque, No. CIV 08-0056 JB/LFG, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009)(Browning, J.)(quoting Ruplinger v. Rains (In re Rains), 946 F.2d at 733).

> [S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

Ruplinger v. Rains (In re Rains), 946 F.2d at 732-33 (quoting H.F. Livermore Corp. v. Aktiengessellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970). See Noland v. City of Albuquerque, 2009 WL 2124591, at *1 (denying motion for default judgment, because the counsel for the defendant City of Albuquerque "entered an appearance three days after Noland filed his motion for default judgment," and, thus, the Court could not "reasonably say that the City of Albuquerque is an essentially unresponsive party, that the adversary process has been halted, or that Noland faces interminable delay because of the City of Albuquerque's actions").

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009)(unpublished)(quoting Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997)). See Hunt v. Ford Motor Co., 1995 WL 523646, at *3, 65 F.3d 178 (10th Cir. 1995)(table decision). The distinction between setting aside an entry of default and setting aside a default judgment "reflects the different consequences of the two events and the different procedures that bring them about." 10A Wright & Miller, supra, § 2692.

> [T]he clerk or the court may enter a default upon the application of the nondefaulting party. The entry simply is an official recognition of the fact that one party is in default, as, for example, for failure to comply with the rules, to appear as scheduled, or to prosecute the case with due diligence. The entry is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b).
>
> In sharp contrast, a final default judgment is not possible against a party in default until the measure of recovery has been ascertained, which typically requires a hearing, in which the defaulting party may participate; in some situations, a jury trial may be made available to determine an issue of damages. Moreover, the entry of a default judgment is a final disposition of the case and an appealable order.
>
> . . . .
>
> Additional differences between relief from the entry of a default and from a default judgment appear in the grounds that will support the motion being granted. Stated generally, the defaulting party is not entitled to relief from a judgment as a matter of right under Rule 60(b). The movant must present a justification supporting the relief motion and must establish his contentions if challenged. Although whether relief will be granted is a matter within the sound discretion of the trial court, the vacation of a default judgment is subject to the explicit provisions of Rule 60(b), which places additional restraints upon the court's discretion. The motion to set aside a default entry, on the other hand, may be granted for "good cause shown," which gives a court greater freedom in granting relief than is available in the case of default judgments.

10A Wright & Miller, supra, § 2692 (footnotes omitted).

While there are some differences between setting aside the entry of default and setting aside a default judgment, there are some important similarities, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense. See Pinson v. Equifax Credit Info Servs., Inc., 316 F. App'x at 750 ("In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'")(quoting Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 183 (5th Cir. 1992)). See also United States v. $285,350.00 in U.S. Currency, 547

F. App'x 886, 887 (10th Cir. 2013)(unpublished)("Three requirements must be met when setting aside a default judgment under Rule 60(b): '(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment.'")(quoting United States v. Timbers Pres., 999 F.2d 452, 454 (10th Cir. 1993), abrogated on other grounds by Degen v. United States, 517 U.S. 820, 825 (1996)). The United States Court of Appeals for the Tenth Circuit has, at times, listed two factors rather than three for the standard in setting aside a default judgment:

> Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a final judgment only if the movant can demonstrate justifiable grounds, including mistake, inadvertence, surprise or excusable neglect. In the case of default judgments, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense. E.g., Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). A 60(b) motion thus comprehends two distinct aspects[:] justification for relief and a meritorious defense.

In re Stone, 588 F.2d, 1316, 1319 (10th Cir. 1978). See Sawyer v. USAA Ins. Co., 839 F. Supp. 2d 1189, 1230 (D.N.M. 2012)(Browning, J.)(setting aside a default judgment, because, "when a plaintiff fails to properly serve a defendant, a default judgment is void and should be set aside under rule 60(b)(4)"). "Although how these factors will be evaluated and weighed lies within the discretion of the trial court to a considerable degree, . . . federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment." 10A Wright & Miller, supra, § 2692 (footnotes omitted). "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" Crutcher v. Coleman, 205 F.R.D. 581, 584 (D. Kan. 2001)(Vratil, J.)(quoting Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)). See Applied Capital, Inc. v. Gibson, 2007 WL 5685131, at 20-23 (liberally construing a pro se defendant's motion to dismiss as a motion to set aside the default, but concluding that the pro se

defendant did not show good cause for the Court to set aside the entry of default, because, although setting aside the entry of default would not prejudice the plaintiff, the pro se defendant was "fully aware of the need to answer within the given time limitation and chose not to respond timely," and he failed to appear at a hearing to support his allegation that he had a meritorious defense).

## ANALYSIS

Having carefully reviewed the Objections according to rule 72(a) of the Federal Rule of Civil Procedure, and the relevant law, the Court will overrule the Objections. See Fed. R. Civ. P. 72(a). Rule 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Bowman objects to Magistrate Judge Yarbrough's statement that the "'Plaintiff has not set forth any facts showing that Defendant intentionally ignored service of process' when in fact, the Plaintiff listed four different documents served to the defendant." Objections at 1 (quoting Order at 3). Magistrate Judge Yarbrough's full statement reads:

> While Defendant is a "legally sophisticated party," Plaintiff has not set forth any facts showing that Defendant intentionally ignored service of process, that she did not timely submit the Complaint to her superiors as she is required to do, or that she did not promptly remedy the mistake after learning of the mistake.

Order at 3. Magistrate Judge Yarbrough acknowledges Bowman's statement that she served four different documents to Friedman. See Order at 3. Magistrate Judge Yarbrough also quoted Friedman's statement:

> [Defendant], as a state employee, is required to submit any lawsuit in which she is a named party through the New Mexico Risk Management Division ("NMRMD"). [Defendant] timely submitted this lawsuit to her superiors at New Mexico Taxation

- 10 -

> and Revenue Department; however they, in an honest mistake, submitted notice of the instant litigation through email, not through the website required by NMRMD. By administrative mistake and nothing more, the internal systems at NMRMD did not receive timely notice of the instant litigation, causing the inadvertent delay. As soon as NMRMD caught the mistake, the lawsuit was sent through the proper channels, and [Defendant]'s counsel promptly engaged in the litigation.

Order at 2-3 (quoting Reply to Motion to Set Aside Entry of Default at 2-3, filed October 26, 2021 (Doc. 16)). Bowman's service of the documents on Friedman, along with the delay in answering, does not indicate that Friedman "intentionally ignored" service. Friedman did not ignore service: (i) she notified her superiors as she was required to do; (ii) an administrative mistake caused the delay in filing the Answer; and (iii) Friedman's counsel promptly engaged in the litigation as soon as the mistake was caught.

Bowman next objects to Magistrate Judge Yarbrough's statement that, although "it is true that Defendant did not present any possible meritorious defenses in her Motion to Set Aside Default, Defendant asserted a potentially meritorious defense in her Answer," because Bowman "addressed all affirmative defenses in [Friedman's] Answer when [Bowman] filed a Motion to Strike the Defendant's Answer." Objections at 3-4. The Court had not ruled on Bowman's Motion to Strike the Defendant's Answer, filed October 27, 2021 (Doc. 21), when Magistrate Judge Yarbrough entered his Order on January 6, 2022, but has since denied Bowman's Motion to Strike. See Memorandum Opinion and Order Denying Motion to Strike Answer, filed January 24, 2022 (Doc. 43).

Finally, Bowman objects to Magistrate Judge Yarbrough's reference to his Order to Show Cause, "because it is not clear why the Court mentioned its Order to Show Cause . . . and how this Order played a role in the decision of the Court to grant Defendant's Motion to Set Aside the Entry of Default." Objections at 5. Magistrate Judge Yarbrough states that he "reviewed the Complaint prior to Defendant appearing in this case and notified Plaintiff that it appeared that Plaintiff failed

to state claims for due process violations and illegal search and seizure." Order Setting Aside Default Judgment at 6. Magistrate Judge Yarbrough cited his Order to Show Cause, because that Order to Show Cause is where he notifies Bowman that she does not state claims for due process violations or for illegal search and seizure. Such a statement is proper and is not good grounds to vacate the Order Setting Aside Default Judgment.

**IT IS ORDERED** that the Objections in the Plaintiff's Objections to Court's Order, filed January 20, 2022 (Doc. 42), are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Daniela Bowman
Santa Fe, New Mexico

*Plaintiff pro se*

Samantha E. Kelly
Miller Stratvert P.A.
Albuquerque, New Mexico
-- and --

Paula Grace Maynes
Miller Stratvert P.A.
Santa Fe, New Mexico

*Attorneys for the Defendant*