# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANIELA BOWMAN,

    Plaintiff,

v.                                                                                                            No. 1:21-cv-00675 JB/SCY

CORDELIA FRIEDMAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SANCTIONS

This matter comes before the Court on *pro se* Plaintiff's Motion for Sanctions, filed November 24, 2021 (Doc. 33), and fully briefed December 10, 2021 (Docs. 37, 39). In this motion, Plaintiff alleges that Defendant violated Rule 11(b) and seeks sanctions in the form of payment of expenses. The Court rejects Plaintiff's arguments and so will deny the motion for sanctions.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"'[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay.'" *Collins v. Daniels*, 916 F.3d 1302, 1322-23 (10th Cir. 2019) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 398 (1990)). "Because our adversary system expects lawyers to zealously represent their clients, [the Rule 11] standard is a tough one to satisfy; an attorney can be rather aggressive and still be reasonable." *Id.* at 1323.

> We hold that a pleading containing both frivolous and nonfrivolous claims may violate Rule 11 . . . . The presence of a single frivolous or groundless claim, however, may not always mandate Rule 11 sanctions. For example, a frivolous claim easily disposed of by the opposing party and the court might not warrant sanctions. *Compare Burull,* 831 F.2d at 790 (affirming district court determination that inclusion of meritless claims had no appreciable effect on litigation of otherwise nonfrivolous lawsuit), *and Oliveri v. Thompson,* 803 F.2d 1265, 1280 (2d Cir.1986) (groundless boilerplate allegations did not warrant sanctions since it was "doubtful whether anyone gave the [ ] claims serious consideration or devoted any significant work toward disposing of them"), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987), *with Patterson,* 841 F.2d at 387 ("The district court was within its discretion in imposing Rule 11 sanctions as to a single count of a multiple count complaint, where the effect and cost of that count could be separated from that of the other counts.").

*Dodd Ins. Services, Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1158 (10th Cir. 1991).

## ANALYSIS

Plaintiff asserts that Defendant violated Rule 11(b) by making "baseless statements" and "frivolous legal contentions" in:

(i) Defendant's Answer, Doc. 15;

(ii) Defendant's Reply to her Motion to Set Aside Entry of Default, Doc. 16;

(iii) Defendant's Response to Plaintiff's Motion for Default Judgment, Doc. 18; and

   (iv)  Defendant's Motion to Dismiss, Doc. 19.

Plaintiff identifies as baseless or frivolous nine statements in the four documents which total 53 pages. *See* Motion at 4, ¶ 5, at 5, ¶¶ 6-7 (regarding Defendant's Answer, Doc. 15); at 2, ¶¶ 2-3; at 4, ¶ 4; at 4, ¶ 5 (regarding Defendant's Reply to her Motion to Set Aside Entry of Default, Doc. 16); at 5, ¶ 8 (regarding Defendant's Response to Plaintiff's Motion for Default Judgment, Doc. 18); at 1, ¶ 1 (regarding Defendant's Motion to Dismiss, Doc. 19). The Court considers Plaintiff's request for sanctions under each subsection of Rule 11(b).

  1. **Rule 11(b)(1) Violations**

   Plaintiff states that "Defendant submitted her 'laundry list' of illegal contentions for the improper purpose, 'such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" Motion at 6, ¶ 10. Having reviewed the documents containing the purportedly baseless statements and frivolous legal contentions, the Court finds Defendant's purpose in filing each of her documents has been to vindicate her rights in the proceedings before this Court. Each of those documents contained legal and factual bases to support Defendant's positions. There is no indication that Defendant included the statements Plaintiff complains of with the intention to delay or needlessly increase litigation, and there is no indication that those nine statements had any appreciable effect on the litigation of this case.

  2. **Rule 11(b)(2) Violations**

   Plaintiff contends that Defendant violated Rule 11(b)(2) based on statements in Defendant's Answer (Doc. 15), Defendant's Reply to her Motion to Set Aside the Entry of Default (Doc. 16), and in Defendant's Motion to Dismiss (Doc. 19). Those statements include: (i) a claim of sovereign immunity under the New Mexico Tort Claims Act; (ii) a claim that the Court lacks subject-matter jurisdiction; (iii) statements Defendant alleges Plaintiff made in the

state-court case regarding her status as an employee and not as an independent contractor; (iv) Plaintiff's purported statement in the state-court case that Plaintiff should not have to pay the state's gross receipts tax; and (v) Defendant's statement that, "Had Plaintiff taken deductions consistent with having business income rather than a wage income on her federal tax return, such information would invalidate Plaintiff's allegations that she was not subject to the state gross receipts tax, and was, therefore, relevant." Motion at 2-5, ¶¶ 2-3, 6-7.

Plaintiff asserts those statements violate Rule 11(b)(2) because Defendant "does not provide a support in law for this legal contention," Motion at 2, ¶ 3, "provided no case law or statutes supporting any one of these legal allegations," Motion at 3, ¶ 3, and "had not supported that claim with any . . . law", Motion at 5, ¶ 7. Plaintiff mischaracterizes the requirements of Rule 11(b)(2). Rule 11(b)(2) does not require that an attorney or party provide citations to legal authority. Rule 11(b)(2) requires only that the claims, defenses and other legal contentions in any documents filed with the Court are warranted by existing law.

### 3. Rule 11(b)(3) Violations

Plaintiff also contends that Defendant violated Rule 11(b)(3) by claiming: (i) "sovereign immunity under the New Mexico Tort Claims Act without support in . . . facts"; (ii) "the Court lacks subject matter jurisdiction but the Defendant had not supported that claim with any facts, evidence." Motion at 5, ¶¶ 6-7.

Plaintiff mischaracterizes the requirements of Rule 11(b)(3). Rule 11(b)(3) does not require that an attorney or party provide evidence and facts. Rule 11(b)(3) requires only that any factual contentions in documents filed with the Court are warranted on the evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

**4. Rule 11(b)(4) Violations**

Plaintiff contends that Defendant violated Rule 11(b)(4) based on statements in Defendant's Answer (Doc. 15), in Defendant's Reply to her Motion to Set Aside the Default Judgment (Doc. 16), and in Defendant's Response to Plaintiff's Motion for Default Judgment, (Doc. 18). Plaintiff argues: (i) Defendant's statement that Plaintiff "cited no applicable support that a discovery order is tantamount to an illegal search and seizure warrant" is false because "Plaintiff provided a large amount of case law"; (ii) Defendant asserted the affirmative defenses of "*res judicata* and collateral estoppel" "which lack support in facts . . . . If the Defendant had a real legal case barring this case on the *res judicata* and collateral estoppel doctrines then the Defendant would not have had problems dismissing the case, but to date the Defendant had not pursued such dismissal and thus proving these defenses to be frivolous"; (iii) "Defendant claims sovereign immunity under the New Mexico Tort Claims Act without support in law and facts. . . . If the Defendant has a valid claim under this kind of immunity the Defendant would have pursued it but no motions for dismissal on this ground have been filed by the Defendant;" (iv) "Defendant claims that this Court lacks subject matter jurisdiction but the Defendant had not supported that claim with any facts, evidence, or law [and] did not pursue any dismissal under this defense which demonstrates that the purpose of this defense is frivolous"; and (v) "Defendant reiterated . . . many of the same legal contentions without support in facts or law." Motion at 4-5, ¶¶ 4-8.

Rule 11(b)(4) requires only that "denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." The Court finds no violations of Rule 11(b)(4) in the defenses raised by Defendant.

5.  **Untimely Filings**

Plaintiff states: "The Defendant had made many court's filings untimely, and thus further delayed this legal process." Motion at 6, ¶ 12. Defendant's Answer was untimely resulting in entry of default. *See* Clerk's Entry of Default, Doc. 10. The Court set aside the entry of default for good cause. *See* Doc. 40. Plaintiff does not identify which of Defendant's other filings were untimely and the Court will not comb the record to determine which documents Plaintiff complains about. *See Lebahn v. Owens*, 813 F.3d 1300, 1307-08 (10th Cir. 2016) ("[I]t is not the court's job to comb the record in order to make [a party's] arguments for him.").

## CONCLUSION

Plaintiff seeks sanctions based on nine statements in four documents filed by Defendant. Plaintiff argues that sanctions are appropriate in part because Defendant made those statements without providing support in law and facts. However, Rule 11(b) does not require that documents contain legal and factual support; Rule 11(b) only requires that the claims, defenses, and legal contentions are warranted by existing law and that factual contentions have or will likely have evidentiary support. There is no indication that Defendant filed those documents for any improper purpose; she filed those documents in the course of her defense.

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (Doc. 33) is **DENIED**.

_____
**UNITED STATES MAGISTRATE JUDGE**