## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANIELA BOWMAN,

       Plaintiff,

vs.                                       No. CIV 21-0675 JB/SCY

CORDELIA FRIEDMAN,

       Defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING MOTION TO STRIKE ANSWER

**THIS MATTER** comes before the Court on the Plaintiff's Objections to Court's Order, filed February 2, 2022 (Doc. 45)("Objections").  Pursuant to rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff Daniela Bowman, who appears pro se, objects to the Memorandum Opinion and Order Denying Motion to Strike Answer, filed January 24, 2022 (Doc. 43)("MOO"), which the Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered.  See Objections at 1.  For the reasons stated below, the Court will sustain Bowman's Objection 1, insofar as the MOO states that Bowman is not suing Defendant Cordelia Friedman in her individual capacity, and will overrule the remaining Objections.

## FACTUAL AND PROCEDURAL BACKGROUND

Bowman initiated this case on July 21, 2021. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 21, 2021 (Doc. 1) ("Complaint").  Friedman subsequently filed her Answer to Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 15, 2021 (Doc. 15).  Bowman moved to strike Friedman's Answer, arguing that: (i) the "Defendant's Answer is

untimely," Motion to Strike Defendant's Answer ¶ 1, at 1 filed October 27, 2021 (Doc. 21)("Motion"); (ii) "Friedman asks the Court to dismiss the Complaint in its entirety . . . . Fed. R. Civ. P. 7 is very clear that pleadings such as an Answer to Complaint is not a motion and cannot contain a dispositive motions [sic]," Motion ¶ 2, at 2; and (iii) Friedman's defenses Nos. 1-12 "in her Answer are insufficient defenses, 'sham', or frivolous defenses," Motion ¶ 6, at 3.

Magistrate Judge Yarbrough denied Bowman's Motion.  See MOO at 1.  Magistrate Judge Yarbrough stated:

> Plaintiff asks the Court to strike Defendant's Answer because "Defendant's Answer is untimely and as such the Defendant filed this Answer without seeking Leave of Court."  Motion at 1.  Although Defendant did not timely file her Answer, the Court has set aside the Clerk's Entry of Default for good cause.  See Doc. 40, filed January 6, 2022.

> Plaintiff also asks the Court to strike Defendant's Answer because on page 28 of the Answer "Defendant Friedman asks the Court to dismiss the Complaint in its entirety . . . Fed. R. Civ. P. 7 is very clear that pleadings such as an Answer to Complaint is not a motion and cannot contain a dispositive motion[]."  Motion at 2.  The Court will not strike Defendant's Answer for "ask[ing] the Court to dismiss the Complaint" because Defendant has filed a separate motion to dismiss the Complaint.  See Doc. 19, filed October 27, 2021.

> Finally, Plaintiff asks the Court to strike Defendant's Answer because all of Defendant's defenses "are insufficient defenses, 'sham', or frivolous defenses." Motion at 3, ¶ 7.

MOO at 1.  Magistrate Judge Yarbrough declined to strike: (i) "defenses Nos. 1, 4, and 9, which relate to immunity from suit under the New Mexico Tort Claims Act[1] ('NMTCA') and punitive damages pursuant to 42 U.S.C. § 1983," because "Rule 8(c) states a defendant 'must affirmatively state avoidance or affirmative defense,' noting that the United States Court of Appeals for the Tenth Circuit "has long held that both qualified and absolute immunity are affirmative defenses

_____

[1]N.M.S.A. §§ 41-1-1 through 41-4-29.

and must be pleaded"; (ii) defense No. 2, which Bowman contends is insufficient "because it states incorrect facts," because "courts may not resolve disputed and substantial factual or legal issues in deciding . . . a motion to strike"; (iii) defenses "Nos. 3 (res judicata), 11 (lack of subject-matter jurisdiction), 5 (failure to state claim), 6 (failure to identify constitutional deprivation), [and] 12 (qualified immunity)," which Bowman contends are "bare bones and boilerplate allegations giving no fair notice to Plaintiff of how to prepare for discovery," because "Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure only requires that 'In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it'"; and (iv) defenses "Nos. 7 (cannot establish facts for punitive damages), 8 (no facts showing entitlement to compensatory damages), and 10 (Defendant's actions did not cause Plaintiff's damages)," which Bowman asserts are "frivolous," because "Rule 8(c) requires Defendant to set forth in her Answer 'any avoidance or affirmative defense'" and "striking them from Defendant's Answer will not necessarily avoid the expenditure of time and money that may arise from litigating the issues relating to damages." MOO at 3-5 (citing 5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(nothing that a motion to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy")).

Bowman objects to Magistrate Judge Yarbrough's MOO denying her Motion, arguing:

Plaintiff strongly objects to the Court's statement: "the Complaint does not indicate that the claims are asserted against Defendant solely in her individual capacity" and the statement "it appears that Plaintiff filed the Complaint against Defendant in her official capacity because it states Defendant 'as a Special Assistant Attorney General, representing the New Mexico Taxation and Revenue Department in a lawsuit' in state court. Complaint at 1."

It appears this Court is "construct[ing] arguments or theories" for the Defendant in "the absence of any discussion of those issues" and where the Defendant, herself, had admitted to understand that she has been sued in her individual capacity. See Exhibit A. This Court is acting prejudicial toward Plaintiff

"making" the Defendant's case by raising an issue never before raised by this Court
or by the Defendant (in [Defendant's Response to Motion to Strike Answer, filed
November 12, 2021 (Doc. 25)] or any other pleading) for the six months of
pleadings and motions filed.

Objections at 1.

Bowman also objects to Magistrate Judge Yarbrough's statement that the "Plaintiff asks

the Court to strike Defendant's Answer because all of Defendant's defenses 'are insufficient

defenses, sham, or frivolous defenses,'" stating that the "Plaintiff's motion did not ask this Court

to strike all defenses.  Plaintiff asked this Court to strike defenses Nos. 2, 3, 11, 1, 4, and 9, but

Plaintiff gave a choice that this Court order that Defendant *amend* her defenses Nos. 5, 6, 7, 8, 10,

and 12."  Objections at 5 (emphasis in original).

For her third objection Bowman states:

Plaintiff strongly objects to the Court's reasoning: "[t]he factual bases for these
defenses (nos 3 (res judicata), 11 (lack of subject-matter jurisdiction), 5 (failure
to state a claim), 6 (failure to identify constitutional deprivation), 12 (qualified
immunity)) are inferable from the denials and admissions in Defendant's Answer."
See [MOO] at 4.

Objections at 5.

For her fourth objection, Bowman states:

Plaintiff objects to the Court's analysis "[a]lthough Defendant's defenses
Nos. 7 [punitive damages], 8 [compensatory damages], and 10 [proximate cause]
may not be affirmative defenses, striking them from Defendant's Answer will not
necessarily avoid expenditure of time and money that may arise from litigating the
issues relating to damages." See Doc. 43 at 5.

Not only "defenses" No. 7, 8, and 10 are not "affirmative defenses" as the
Court asserted, but they are also not defenses whether Ms. Friedman violated
Plaintiff's constitutional rights.

Objections at 7.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

> **(f)      Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> > (1)      on its own; or
> >
> > (2)      on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Wright & Miller has recognized, however, that such motions are not favored and, generally, the court should deny them:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or

"time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . .

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004) (footnotes omitted).  Accord Burget v. Capital W. Sec., Inc., No. CIV-09-1015, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)(Miles-LaGrange, C.J.)(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished)[2])("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.")).

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy."  Estate of Gonzales v. AAA Life Ins. Co., No. CIV 11-0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(internal quotation marks omitted) (quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455, 2010 WL 132414, at *5 (N.D. Okla. Jan 8, 2010)(Eagan, C.J.)).  Wright & Miller has also commented on what constitutes "immaterial" matter in the context of a motion to strike.  5C Wright & Miller,

---

[2]Scherer v. United States Department of Education is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . .  And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Scherer v. United States Department of Education, Searcy v. Social Security Administration., 956 F.2d 278, 1992 WL 43490 (10th Cir. 1992), and In re Hopkins, 162 F.3d 1173, 1998 WL 704710 (10th Cir. 1998), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

supra, § 1382, at 458-60 (footnotes omitted).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5 C Wright & Miller, supra, § 1382, at 458-60 (footnotes omitted).

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., Civil Action No. 08-cv-00563- WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(Wiley, J.).  Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)(citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490 at *1, *4 (10th Cir. 1992))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike.").  "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." Estate of Gonzales v. AAA Life Ins. Co., No. Civ 11-0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(quoting Sai Broken Arrow C, LLC, 2010 WL 132414, at *5)(internal quotation marks omitted).  "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'"

Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (citing In re Hopkins, 162 F.3d 1173, 1998 WL 704710 at *3 (10th Cir. 1998)).

For example, in Skyline Potato Co., Inc. v. Hi-Land Potato Co., Inc., No. CIV 10-0698 JB/RHS, 2012 WL 6846386 (D.N.M. Dec. 31, 2012)(Browning, J.), the Court denied a motion to strike a letter filed with the Court, because the letter was not a pleading, and did not pertain to either party's legal defenses or arguments; the letter expressed one party's position regarding whether the Court should rule on summary judgment motions pending at the close of a bench trial. See 2012 WL 6846386, at *6. Similarly, in Great American Insurance v. Crabtree, No. CIV 11-1129, 2012 WL 3656500 (D.N.M. Aug. 23, 2012 )(Browning, J.), the Court denied a plaintiff's motion to strike exhibits attached to the defendant's motion to dismiss, because they were neither pleadings nor irrelevant. See 2012 WL 3656500, at *18. In Applied Capital, Inc. v. Gibson, No. CIV 05-0098, 2007 WL 5685131 (D.N.M. 2007)(Browning, J.), the Court refused the plaintiff's request to strike a motion to dismiss, because rule 12(f) applies only to pleadings and not to a motion to dismiss. See 2007 WL 5685131, at *18. In Estate of Anderson v. Denny's, Inc., 291 F.R.D. 622, 635 (D.N.M. 2013)(Browning, J.), the Court denied the plaintiff's request to strike a notice of completion of briefing for similar reasons. See 291 F.R.D. at 635.

In Lane v. Page, 272 F.R.D. 581, 588 (D.N.M. Jan. 14, 2011)(Browning. J.), the plaintiff filed a motion to strike parts of the defendants' answer, because it was "devoid of factual allegations and assert[ed] improper defenses." 272 F.R.D. at 588. Specifically, the plaintiff argued that the defendants' affirmative defenses should "put the plaintiff on notice of how the defense applies." Lane v. Page, 272 F.R.D. at 588. The plaintiff therefore asked the Court not only to strike some of the defendants' answers, but also to "require the Defendants to amend their answers." Lane v. Page, 272 F.R.D. at 588. The defendants argued that rule 8 does "not require

them to provide factual support for their affirmative defenses" and contended that their answers adequately responded to the plaintiff's complaint.  <u>Lane v. Page</u>, 272 F.R.D. at 588. The Court "decline[d] to extend the heightened pleading standard the Supreme Court established in <u>Bell Atlantic v. Twombly</u> and <u>Ashcroft v. Iqbal</u> to affirmative defenses pled in answers, because the text of the rules, and the functional demands of claims and defenses, militate against requiring factual specificity in affirmative defenses." <u>Lane v. Page</u>, 272 F.R.D. at 588. The Court struck two improperly labeled affirmative defenses that stated the defendants "reserve the right to assert additional affirmative defenses." <u>Lane v. Page</u>, 272 F.R.D. at 601.  The Court concluded that the statement is not a defense, explaining:

> "An affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." <u>Roberge v. Hannah Marine Corp.</u>, [No. 96-1691,] 1997 WL 468330, at *3 [(6th Cir. 1997)]. "A reservation of unpled defenses is not a defense of any kind, much less an affirmative one." <u>Mission Bay Ski & Bike</u>, 2009 WL 2913438, 2009 WL 2913438 at *5 [(N.D. Ill. Jan. 9, 2009)(Goldgar, J.)].

<u>Lane v. Page</u>, 272 F.R.D. at 598.  In <u>Tavasci v. Cambron</u>, No. CIV 16-0461 JB/LF, 2016 WL 6405896 (D.N.M. Oct. 25, 2016)(Browning, J.), the Court retreated some from that holding, however, because it did not want to encourage such motions, which do not advance the ball in a case. The Court refused to strike a reservation of defenses, "[w]here a defendant reserves unpled defenses yet also agrees to comply with rule 15," because "the Court cannot conclude that 'under no set of circumstances' would the reservation of unpled defenses prevail." <u>Tavasci v. Cambron</u>, 2016 WL 6405896, at *18 (quoting <u>Friends of Santa Fe Cty. v. LAC Minerals, Inc.</u>, 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(citations omitted)).

## <u>LAW REGARDING STATING AFFIRMATIVE DEFENSES</u>

Rule 8(c) of the Federal Rules of Civil Procedure provides:

(c)     Affirmative Defenses.

(1)     In General. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

- accord and satisfaction;

- arbitration and award;

- assumption of risk;

- contributory negligence;

- duress;

- estoppel;

- failure of consideration;

- fraud;

- illegality;

- injury by fellow servant;

- laches;

- license;

- payment;

- release;

- res judicata;

- statute of frauds;

- statute of limitations; and

- waiver.

(2) Mistaken Designation. If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

Fed. R. Civ. P. 8(c).  "A responsive pleading must set forth certain enumerated substantive defenses" as well as "any other matter constituting an avoidance or affirmative defense."  5 C. Wright & A. Miller, <u>Federal Practice & Procedure</u> § 1270 (3d ed. 2017).  Modeled after the English and New York rules in force when the Federal Rules of Civil Procedure first were drafted, <u>see</u> Judicature Act (The Annual Practice, 1937) O.19, r. 15; N.Y.C.P.A. (1937) § 242, Rule 8(c) makes no attempt to define the concept of affirmative defense.  Instead, it obligates defendants to plead affirmatively any of nineteen defenses that Rule 8(c)(1) lists and that the defendant wishes to assert.  <u>See</u> Fed. R. Civ. P. 8(c) (accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver).  If the district court or jury hearing a case accepts the defendant's affirmative defense, the defense defeats that case's plaintiff's claim.  <u>See</u> 5 Wright & Miller, <u>supra</u>, § 1270; <u>Rural Water Dist. No. 2 v. City of Glenpool</u>, 698 F.3d 1270, 1274 (10th Cir. 2012)("[O]nce the court's jurisdiction has been properly invoked in the plaintiff's complaint, the assertion of such a defense is relevant only to whether the plaintiff can make out a successful claim for relief, and not to whether the court has original jurisdiction over the claim itself." (quoting <u>S. New England Tel. Co. v. Global NAPs Inc.</u>, 624 F.3d 123, 132 (2d Cir. 2010))).  The burden of proof for affirmative defenses generally rests on the defendant.  <u>See</u> <u>Saldana-Sanchez v. Lopez-Gerena</u>, 256 F.3d 1, 5 n.8 (5th Cir. 2001); <u>Schleibaum v. Kmart Corp.</u>, 153 F.3d 496, 501 (7th Cir. 1998).  In stating affirmative defenses, defendants do not need to provide "factual support."  <u>Lane v. Page</u>, 272 F.R.D. at 594 ("[D]eclin[ing] to extend the heightened pleading standard the Supreme Court established in <u>Bell Atlantic v. Twombly</u> and <u>Ashcroft v. Iqbal</u> to affirmative defenses pled in

answers, because the text of the rules, and the functional demands of claims and defenses, militate

against requiring factual specificity in affirmative defenses."). "A reservation of unpled defenses

is not a defense of any kind, much less an affirmative one." Tavasci v. Cambron, 2016 WL

6405896, at *18 (internal quotation marks omitted)(quoting Lane v. Page, 272 F.R.D. at 601).

Although affirmative defenses must generally be pled in the defendant's answer, not argued

on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions: (i) where the defendant

asserts an immunity defense -- the courts handle these cases differently than other motions to

dismiss, see Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M.

2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)); Robbins v. Oklahoma,

519 F.3d 1242, 1249 (10th Cir. 2008)); and (ii) where the facts establishing the affirmative defense

are apparent on the complaint's face, see Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir.

1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for

the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the

motion may be disposed of under this rule."). The defense of limitations is the affirmative defense

that the complaint's uncontroverted facts most likely will establish. See 5 C. Wright & A. Miller,

Federal Practice and Procedure § 1277 (3d ed. 2014). If the complaint sets forth dates that appear,

in the first instance, to fall outside of the statutory limitations period, then the defendant may move

for dismissal under rule 12(b)(6). See Rohner v. Union Pac. R.R., 225 F.2d 272, 273-75 (10th Cir.

1955); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945); Andrew v. Schlumberger Tech.

Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.). The plaintiff may counter this

motion with an assertion that a different statute of limitations or an equitable tolling doctrine

applies to bring the suit within the statute; the Tenth Circuit has not clarified whether this assertion

must be pled with supporting facts in the complaint or may be argued solely in response to the

motion.  Cf. Kincheloe v. Farmer, 214 F.2d 604, 605 (7th Cir. 1954)(holding that, once a plaintiff

has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar

to an action, it is incumbent upon the plaintiff to plead, either in the complaint or in amendments

to it, facts establishing an exception to the affirmative defense).  It appears, from case law in Courts

of Appeals, that the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss

stage -- by simply refraining from pleading specific or identifiable dates, see Goodman v. Praxair,

Inc., 494 F.3d 458, 465-66 (4th Cir. 2007); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir.

2006); Harris v. New York, 186 F.3d 243, 251 (2d Cir. 1999); Honeycutt v. Mitchell, No. CIV–

08–140–W, 2008 WL 3833472 (W.D. Okla. Aug. 15, 2008)(West, J.), and, although the Tenth

Circuit has not squarely addressed this practice, the Court has permitted this avoidance practice,

see Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188, 1208-09, 1234-38

(D.N.M. 2014)(Browning, J.).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .

42 U.S.C. § 1983.  Section 1983 creates only the right of action; it does not create any substantive

rights, and substantive rights must come from the Constitution of the United States of America or

from a federal statute.  See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection

1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and

federal statutory rights . . . .'" (second alteration in <u>Nelson v. Geringer</u>)(quoting <u>Ellis v. Univ. of Kan. Med. Ctr.</u>, 163 F.3d 1186, 1197 (10th Cir. 1998)).  Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights.  To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.  <u>See West v. Atkins</u>, 487 U.S. 42, 48 (1988).  The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

<u>Schaefer v. Las Cruces Pub. Sch. Dist.</u>, 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.) (second alteration in original)(quoting <u>Martinez v. Martinez</u>, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States of America clarifies that, in alleging a § 1983 action against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).  Consequently, there is no respondeat superior liability under § 1983.  <u>See Ashcroft v. Iqbal</u>, 556 U.S. at 676 ("Because vicarious liability is inapplicable to <u>Bivens</u>[3] and § 1983 suits, a plaintiff must plead that each Government-official

---

[3]In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)("<u>Bivens</u>"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct."  <u>Bivens</u>, 403 U.S. at 389.  Thus, in a <u>Bivens</u> action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights.  <u>See Bivens</u>, 403 U.S. at 389.  <u>See also</u>

defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who

Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit notes, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."  Dodds v. Richardson, 614 F.3d at 1200.  The Tenth Circuit concludes that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200.  More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'"  Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.  See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).  The Tenth Circuit noted that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'"  Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## ANALYSIS

Having reviewed carefully the Objections according to rule 72(a) of the Federal Rules of Civil Procedure, and the relevant law, the Court will sustain Objection 1, and overrule the remaining Objections.  See Fed. R. Civ. P. 72(a).  Rule 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy. . . .  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Bowman objects to Magistrate Judge Yarbrough's statement that "the Complaint does not indicate that the claims are asserted against Defendant solely in her individual capacity." Objections at 1.  The Complaint states that Friedman was acting under color of State law, because "Cordelia Friedman, as a Special Assistant Attorney General, represented the New Mexico Taxation and Revenue Department in a lawsuit, Bowman v. Manforte, D-101-CV-2018-00928." Complaint at 1.  A complaint seeking relief pursuant to 42 U.S.C. § 1983 may be brought against a State official in the defendant's official capacity and individual capacity.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Magistrate Judge Yarbrough liberally construed Bowman's Complaint to include a claim against Friedman in her official capacity, because Bowman appears pro se.  See Hall v. Belmon, 935 F.2d at 1110 ("[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").  In the MOO, Magistrate Judge Yarbrough states that "the Complaint does not indicate that the claims are asserted against Defendant solely in her

individual capacity." MOO at 3-4. The Court notes, however, that the Complaint states, "On her own, as an individual, Ms. Friedman misused her power as an attorney for the Tax Agency." Complaint ¶ 37, at 19. Construing the pleadings liberally, the Court concludes that this statement is sufficient to indicate that Bowman is asserting a claim against Friedman in her individual capacity. Consequently, the Court will sustain Bowman's Objection 1 insofar as it objects to the MOO's conclusion that Bowman does not assert an individual capacity claim against Friedman. The Court notes, however, that defenses No. 1, 4, and 9, are relevant to the extent that Friedman asserts them for Bowman's claims against Friedman in her official capacity, and, therefore, the Court concurs in Magistrate Judge Yarbrough's denial of the Motion with respect to defenses No. 1, 4, and 9.

Next, Bowman objects to Magistrate Judge Yarbrough's statement that the "Plaintiff asks the Court to strike Defendant's Answer because all of Defendant's defenses 'are insufficient defenses, sham, or frivolous defenses.'" MOO at 1. Bowman contends that her "motion did not ask this Court to strike all defenses. Plaintiff asked this Court to strike defenses Nos. 2, 3, 11, 1, 4, and 9, but Plaintiff gave a choice that this Court order that Defendant *amend* her defenses Nos. 5, 6, 7, 8, 10, and 12." Objections at 5 (emphasis in original). Although she asks in the alternative that the Court order Friedman to amend her Answer with respect to certain defenses, Bowman also requests that the Court strike those defenses. See Motion at 9, ¶ 20 ("Plaintiff requests that this Court either *strike the Defendant's defenses No. 5, 6, 7, 8, 10, and 12 in their entirety* or grant the Defendant leave to amend her Answer to cure the insufficiencies")(emphasis added).

Bowman also objects "to the Court's reasoning: '[t]he factual bases for these defenses (nos. 3 (res judicata), 11 (lack of subject-matter jurisdiction), 5 (failure to state a claim), 6 (failure to identify constitutional deprivation), 12 (qualified immunity)) are inferable from the denials and

admissions in Defendant's Answer.'"   Objections at 5 (quoting MOO at 4).   Magistrate Judge

Yarbrough declined to strike defenses Nos. 3, 5, 6, 11, and 12, which Bowman contends were

"bare bones and boilerplate allegations giving no fair notice to Plaintiff of how to prepare for

discovery," because "Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure only requires that

'[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each

claim asserted against it.'"   MOO at 4.   Magistrate Judge Yarbrough's MOO declining to strike

defenses Nos. 3, 5, 6, 11, and 12, which Bowman contends fail to give fair notice to Bowman of

how to prepare for discovery, is not erroneous or contrary to law.   See Lane v. Page, 272 F.R.D.

at 588 ("[D]eclin[ing] to extend the heightened pleading standard the Supreme Court established

in Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses pled in answers, because

the text of the rules, and the functional demands of claims and defenses, militate against requiring

factual specificity in affirmative defenses.").

> Finally, Bowman objects
>
> to the Court's analysis "[a]lthough Defendant's defenses Nos. 7 [punitive damages], 8 [compensatory damages], and 10 [proximate cause] may not be affirmative defenses, striking them from Defendant's Answer will not necessarily avoid expenditure of time and money that may arise from litigating the issues relating to damages." See Doc. 43 at 5.
>
> Not only "defenses" No. 7, 8, and 10 are not "affirmative defenses" as the Court asserted, but they are also not defenses whether Ms. Friedman violated Plaintiff's constitutional rights.

Objections at 7.   Magistrate Judge Yarbrough declined to strike Friedman's "Defenses 'Nos. 7

(cannot establish facts for punitive damages), 8 (no facts showing entitlement to compensatory

damages), and 10 (Defendant's actions did not cause Plaintiff's damages),'" stating that "striking

them from Defendant's Answer will not necessarily avoid expenditure of time and money that may

arise from litigating the issues relating to damages."   MOO at 5 (quoting 5C C. Wright & A. Miller,

Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(noting that a motion to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy")).  Bowman has not shown that Friedman's defenses Nos. 7, 8, and 10 have no possible relation or logical connection to the subject matter of this case or are redundant, impertinent, immaterial or scandalous.  See 5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted)("The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter.").   "While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court."  Burget v. Capital W. Sec., Inc., 2009 WL 4807619, at *1 (citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished)).  In sum, the Court concludes that Judge Yarbrough's MOO is not clearly erroneous or contrary to law with regard to its decision not to strike Friedman's defenses, but is clearly erroneous insofar as it states that Bowman does not bring a claim against Friedman in her individual capacity.

   **IT IS ORDERED** that the Plaintiff's Objections to Court's Order, filed February 2, 2022 (Doc. 45), are sustained with respect to the Memorandum Opinion and Order Denying Motion to Strike Answer, filed January 24, 2022 (Doc. 43), stating that Plaintiff Daniela Bowman is not suing Defendant Cordelia Friedman in her individual capacity, and overruled with respect to Magistrate Judge Yarbrough's decision not to strike Friedman's defenses.


_____
                          UNITED STATES DISTRICT JUDGE

- 20 -

*Counsel and parties:*

Daniela Bowman
Santa Fe, New Mexico

> *Plaintiff pro se*

Paula Grace Maynes
Miller Stratvert PA
Santa Fe, New Mexico

-- and --

Samantha E. Kelly
Miller Stratvert PA
Albuquerque, New Mexico

> *Attorneys for the Defendant*