IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIELA BOWMAN,

        Plaintiff,

v.                                          No. 1:21-cv-00675-JB-SCY

CORDELIA FRIEDMAN,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## REGARDING MOTION TO DISMISS

This case arises from Plaintiff Daniela Bowman's action in state court against the New

Mexico Taxation and Revenue Department ("NMTRD") for a refund of gross receipt taxes. *See*

Doc. 1 at 2 ¶ 5 (Complaint). Defendant Cordelia Friedman, Special Assistant Attorney General,

represented NMTRD in the state-court action. *Id.* Plaintiff alleges Defendant violated her

constitutional rights by obtaining a discovery order for her tax returns (returns that were not at

issue in the state-court case) by using illegal means and by raising a "strawman issue" resulting

in dismissal of her case. *Id.* at 21 ¶ 46; *id.* at 22 ¶¶ 51-52. Plaintiff brings claims under 42 U.S.C.

§ 1983 for illegal search and seizure and violation of due process.

Presently before the Court is Defendant's Motion to Dismiss, Doc. 19, filed October 27,

2021, and Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion to

Dismiss, Doc. 30, filed November 17, 2021. The Honorable James O. Browning referred this

matter to me pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) and *Va. Beach Fed. Sav. & Loan Ass'n

v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 44. Defendant's argument that Plaintiff's

complaint does not allege a search or seizure is well-taken; therefore, I recommend the Court

grant Defendant's motion to dismiss Plaintiff's claim of illegal search and seizure based on the

Fourth Amendment. Plaintiff was also provided the opportunity to address Defendant's alleged misrepresentations throughout the state court proceedings; therefore, I recommend that the Court also dismiss her procedural due process claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. Such a motion must be made before a responsive pleading. Fed. R. Civ. P. 12(b). As Plaintiff correctly points out, Defendant filed her motion to dismiss after filing a responsive pleading (her answer). *See* Docs. 15, 19. Defendant therefore requests that the Court convert her motion to a motion for judgment on the pleadings. Rule 12(c) permits a litigant to file a motion for judgment on the pleadings after the pleadings have closed; that is, after the filing of the complaint and answer. "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Because the standards are the same, I recommend converting Defendant's untimely motion to dismiss to into a motion for judgment on the pleadings. *See Est. of Stevens ex rel. Collins v. Bd. of Comm'rs of Cty. of San Juan*, 53 F. Supp. 3d 1368, 1372 (D.N.M. 2014) ("[Rule 12(c)] motions are functionally equivalent to motions to dismiss and are reviewed under the same standards. For this reason, courts will routinely convert an untimely motion to dismiss for failure to state a claim into a motion for judgment on the pleadings." (internal citations omitted)). The difference is immaterial to the legal standard and the analysis, and I will thus address the standard for dismissal under Rule 12(b)(6).

"[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v.*

*United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint does not require detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The court's consideration, therefore, is limited to determining whether the complaint states a legally sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Nor is the court required to accept as true legal conclusions that are masquerading as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must, however, view a plaintiff's allegations in the light most favorable to her. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

When a plaintiff proceeds pro se, the court generally construes her pleadings liberally, holding them to a less stringent standard than those a party represented by counsel files. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for a pro se litigant's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id.* The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**ANALYSIS**

As a preliminary matter, when Plaintiff first filed her complaint, I reviewed it and issued an Order to Show Cause pointing out the same deficiencies before the Court in the present motion to dismiss. Doc. 6 at 4 (considering Plaintiff's illegal search and seizure claim and stating that "there are no allegations in the Complaint that Defendant or the state court actually searched or seized the document(s) that were the subject of the discovery order"); *id.* at 3 (considering her due process claim and stating that "although Plaintiff may be unhappy that the state judge chose to believe Defendant rather than her, she fails to allege facts that the process provided to her was so deficient that it violated her federal constitutional rights"). I ordered Plaintiff to show cause why this case should not be dismissed for failure to state a claim or to file an amended complaint. *Id.* at 4. Plaintiff did not file an amended complaint, but instead filed a response, explaining the claims in her complaint. Given that Plaintiff filed a response to the order to show cause, and given that the same issues are now before the Court on the motion to dismiss, I recommend quashing the Order to Show Cause. However, as pointed out by Defendant, Plaintiff did not file an amended complaint and so in reviewing the sufficiency of her complaint for the present motion to dismiss, I recommend considering only the allegations in her complaint (Doc. 1), and not in her response to the order to show cause (Doc. 7).[1]

As a second preliminary matter, after briefing the motion to dismiss Plaintiff filed a Motion for Leave to File Surreply in Opposition to Defendant's Motion to Dismiss. Doc. 30. I recommend denying the motion for surreply. "The filing of a surreply requires leave of the Court." D.N.M. LR-Civ. 7.4(b). "A surreply is appropriate and should be allowed where new

---

[1] Even if the Court were to consider Plaintiff's response to the order to show case when deciding the present motion to dismiss, her response does not cure the pleading deficiencies pointed out in this Proposed Finding and Recommended Disposition.

arguments are raised in a reply brief." *Navajo Health Foundation-Sage Memorial Hosp., Inc. v. Burwell*, 110 F. Supp 3d. 1140, 1180 (D.N.M. 2015). Plaintiff points to no new arguments that were raised in the reply and instead wishes to use the surreply to reargue points she made in her response brief. As such, I will not consider her surreply (which she attached to her motion for leave to file surreply) when discussing the motion to dismiss.

Turning to the merits of the motion to dismiss, Plaintiff's claims for illegal search and seizure and violation of due process are related. Plaintiff alleges that, during the state-court case, Defendant misrepresented and lied about the law and facts of the case, framing the case as a tax issue when it was really an employment issue, in order to put her tax returns at issue and to obtain a discovery order for her tax returns. Doc. 1 ¶¶ 6, 9. After obtaining that discovery order, Defendant continued to lie to the state court about the importance of the tax returns; these lies resulted in the wrongful dismissal of her case for discovery violations. *Id.* ¶ 9. Defendant moves to dismiss Plaintiff's complaint, alleging that she has failed to state an actionable § 1983 claim. Doc. 19 at 2-3. I will address each of Plaintiff's claims in turn.

### 1. Illegal Search and Seizure

Defendant first argues that Plaintiff has not stated a cognizable § 1983 claim for illegal search and seizure because "[t]he United States Constitution does not forbid all searches and seizures, but instead forbids *unreasonable* searches and seizures. . . . Plaintiff had no expectation of privacy in her federal tax returns when she put them at issue; therefore, no unreasonable search and/or seizure occurred." Doc. 19 at 3. Plaintiff's complaint, however, alleges that *she did not* put her tax returns at issue. Doc. 1 ¶ 6. She alleges that the only issue in the case was whether she was an employee or independent contractor. *See id.* Nonetheless, she alleges, Defendant used lies and misrepresentations about the nature of the case and the law to manipulate the state court

into believing her tax returns were at issue and to cause the state court to issue a discovery order for her tax returns. *See id.* ¶¶ 6, 9, 16-18, 20, 23, 24-31.

To refute these allegations, Defendant attached to her motion to dismiss several state court documents, including a New Mexico Court of Appeals decision in the state case. Doc. 19-1 (Court of Appeals decision); Doc. 19-2 to -4 (trial court orders). Defendant cites these documents to argue that Plaintiff's actions, not Defendant's, put Plaintiff's tax returns at issue and that, having put her returns at issue, Plaintiff had no reasonable expectation of privacy in them. I recommend the Court need not resolve this argument because I recommend that Defendant prevails on her next argument.

Defendant argues that Plaintiff has failed to state a claim because "neither [Defendant] nor the state court ever obtained Plaintiff's federal tax returns; therefore, no search or seizure even occurred." Doc. 19 at 4. As Defendant notes, Plaintiff's complaint contains no allegation that Defendant ever conducted a search or seizure. Instead, as set forth above, her allegation is that Defendant's misrepresentations to the state court persuaded the state court to order her to disclose her federal tax returns. Doc. 1 ¶ 9, 16, 23. Plaintiff does not allege, however, that she ever complied with this order. Plaintiff cites no law, and the Court is aware of none, to support the notion that a party to a civil lawsuit conducts a search and seizure by obtaining a court order for discovery, particularly when the allegedly aggrieved party refuses to comply with the court order and so never actually produces the discovery ordered. In other words, regardless of whether Defendant made lies and misrepresentations to the state court, Plaintiff does not allege that either a search or a seizure occurred as a result of those lies and misrepresentations. Plaintiff's failure to make such an allegation is fatal to her Fourth Amendment claim.

6

### 2.   Violation of Due Process

Defendant asserts that the Court should dismiss Plaintiff's claim for violation of due process because she "was afforded ample procedural due process in her state court case." Doc. 19 at 5. In determining whether an individual's procedural due process were violated, the Tenth Circuit directs courts to "engage in a two-step inquiry: (1) Did the individual possess a protected property interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" *Camuglia v. The City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006) (alternations in original; internal quotation marks and citations omitted). "An individual has a property interest in a benefit for purposes of due process protection only if [s]he has a legitimate claim of entitlement to the benefit, as opposed to a mere abstract need or desire or unilateral expectation." *Teigen v. Renfrow*, 511 F.3d 1072, 1078–79 (10th Cir. 2007) (internal quotation marks and citations omitted).

In her complaint, Plaintiff alleges that she had a protected interest in her state-court lawsuit, but she was denied process—i.e. the court dismissed the case before addressing the merits—based on lies and misrepresentations Defendant made to the court. *See* Doc. 1 ¶ 45 ("Plaintiff was entitled to a lawsuit that resolved her issue—determining her worker's status in 2011. [Defendant] prevented that due to Plaintiff [by] perjuring herself, acting in her individual capacity but using her authority as a Special Assistant to the Attorney General to gain advantage over Plaintiff in convincing the Court of her professionalism and knowledge of the law."); *see also id.* ¶¶ 9, 20, 23-25, 28, 29, 46, 51, 52.

Plaintiff's claim fails because, as the facts Plaintiff describes in her complaint demonstrate, Plaintiff was afforded significant process in the state court, including responding to discovery, pleadings, and motions, addressing the court at hearings, and an appeal to the New

Mexico Court of Appeals. Doc. 1 ¶¶ 15, 17, 19, 23, 25, 31. Indeed, it seems that Plaintiff's real claim is that she disagrees with the state court's rulings. That is, after hearing from the parties, the state court agreed with Defendant about the relevancy of Plaintiff's tax returns, ordered production of those tax returns, and ultimately dismissed the case for discovery violations. Plaintiff disagrees with those orders.

Plaintiff essentially asserts that all of this process that she was given was tainted by the lies and misrepresentations Defendant made to the state court. But Plaintiff does not allege that Defendant made these lies and misrepresentations to the state court in secret. To the contrary, Plaintiff acknowledges in her complaint that, on multiple occasions, the state court afforded her the opportunity to address Defendant's alleged lies and misrepresentations. Doc. 1 ¶ 31 ("Plaintiff[] made a few last attempts (court hearing 11/1/2018) to explain the correct issue to the judge, the law and precedents related to employee-employer relationship. But those statements made by a Pro-Se Plaintiff were unconvincing for the judge in comparison to the state attorney's cunning false statements."); *see also id.* ¶¶ 15, 17, 19. In other words, even assuming Defendant made lies and misrepresentations to the state court, those lies did not exclude Plaintiff from engaging in the state court process. Plaintiff did not lose at the state district court level because the state district court prevented Plaintiff from addressing Defendant's alleged lies and misrepresentations and from presenting her side of the story. Instead, Plaintiff lost at the state court level because she was unsuccessful in convincing the state district court that her side of the story was correct. Having been given the opportunity to address Defendant's alleged lies and misrepresentations and to present her side of the story to the state district court, Plaintiff was able to take the state district court record to the state appellate court, again address Defendant's alleged lies and representations, and again present her side of the story. *Id.* ¶¶ 25, 37. That

8

Plaintiff's arguments before the state district court and state appellate court failed does not mean that Plaintiff was denied due process. Instead, that Plaintiff was able to make those arguments demonstrates that she was afforded due process at the state level. Therefore, I recommend that the Court also dismiss Plaintiff's Fourteenth Amendment due process claim.

**RECOMMENDATION**

For the reasons stated above, I recommend as follow:

- QUASH the Order to Show Cause (Doc. 6);

- GRANT Defendant Cordelia Friedman's Motion to Dismiss (Doc. 19); and

- DENY Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion to Dismiss (Doc. 30).

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**