IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIELA BOWMAN,

      Plaintiff,

vs.                                                                             No. CIV 21-0675 JB/SCY

CORDELIA FRIEDMAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR SANCTIONS

**THIS MATTER** comes before the Court on the Plaintiff's Objections to Court's Memorandum Opinion and Order Denying Motion for Sanctions, filed April 21, 2022 (Doc. 49)("Objections"). Pursuant to rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff Daniela Bowman, who appears pro se, objects to the Memorandum Opinion and Order Denying Motion for Sanctions, filed April 12, 2022 (Doc. 48)("Order"), that the Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered. See Fed. R. Civ. P. 72(a). For the reasons stated below, the Court overrules Bowman's Objections.

**FACTUAL AND PROCEDURAL BACKGROUND**

Bowman initiated this case on July 21, 2021. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 21, 2021 (Doc. 1)("Complaint"). Defendant Cordelia Friedman subsequently filed her Answer to Civil Rights Complaint Pursuant to 42 U.S.C. §1983, filed October 15, 2021 (Doc. 15)("Answer"). Bowman moves for sanctions, asserting that Friedman violated rule 11(b) of the Federal Rules of Civil Procedure. See Plaintiff's Motion for Sanctions,

filed November 24, 2021 (Doc. 33)("Motion"); Fed. R. Civ. P. 11(b).  In her Motion, Bowman asserts that Friedman violated rule 11(b) by making "baseless statements and frivolous legal contentions" in: (i) Friedman's Answer;   (ii) Defendant Friedman's Reply in Support of Her Motion to Set Aside Entry of Default, filed October 26, 2021 (Doc. 16)("Reply"); (iii) Friedman's Response in Opposition to Plaintiff's Motion for Default Judgment, filed October 27, 2021 (Doc. 18)("Response"); and (iv) Defendant Cordelia Friedman's Motion to Dismiss, filed October 27, 2021 (Doc. 19)("MTD").  Motion ¶ 10, at 6.  See, e.g., Motion ¶ 1, at 1-2; id. ¶ 5, at 4; id. ¶ 8, at 5.  Bowman identifies as baseless or frivolous nine statements in the four documents which total fifty-three pages.  See Motion ¶ 5, at 4; id. ¶¶ 6-7, at 5 (regarding Friedman's Answer); Motion ¶¶ 2-3, at 2; id. ¶ 4, at 4; id. ¶ 5, at 4 (regarding Friedman's Reply); Motion ¶ 8, at 5 (regarding Friedman's Response); Motion ¶ 1, at 1-2 (regarding Friedman's MTD).

Magistrate Judge Yarbrough denied Bowman's Motion for Sanctions.  See Order at 1.  Magistrate Judge Yarbrough reviewed the documents containing the purportedly baseless statements and frivolous legal contentions, and held:

> Plaintiff seeks sanctions based on nine statements in four documents filed by Defendant. Plaintiff argues that sanctions are appropriate in part because Defendant made those statements without providing support in law and facts. However, Rule 11(b) does not require that documents contain legal and factual support; Rule 11(b) only requires that the claims, defenses, and legal contentions are warranted by existing law and that factual contentions have or will likely have evidentiary support. There is no indication that Defendant filed those documents for any improper purpose; she filed those documents in the course of her defense.

Order at 6.  Magistrate Judge Yarbrough, thus, denied the Motion for Sanctions.  See Order at 6.  Bowman now objects to Magistrate Judge Yarbrough's Order, asserting three Objections.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING RULE 11(b)

Rule 11(b) provides:

(b)   Representations to the Court.  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>   (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>   (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>   (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

>   (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  "'[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts.  Cooter & Gell[ v. Hartmarx Corp.], 496 U.S. [384,] 393 . . . [(1990)].  'Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay.'"  Collins v. Daniels, 916 F.3d 1302, 1322-23 (10th Cir. 2019)(quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. at 398).  "'Because our adversary system expects lawyers to zealously represent their clients, [the Rule 11] standard is a tough one to satisfy; an attorney can be rather aggressive and still be reasonable.'"  Collins v. Daniels, 916 F.3d at 1323 (quoting Predator Int'l Inc. v. Gamo Outdoor USA, Inc., 793 F.3d 1177, 1182 (10th Cir. 2015))(alteration in original).

>   We hold that a pleading containing both frivolous and nonfrivolous claims may violate Rule 11 . . . .  The presence of a single frivolous or groundless claim, however, may not always mandate Rule 11 sanctions.  For example, a frivolous claim easily disposed of by the opposing party and the court might not warrant sanctions.  Compare Burull[ v. First Nat'l Bank of Minneapolis], 831 F.2d [788,] 790 [(8th Cir. 1987)](affirming district court determination that inclusion of meritless claims had no appreciable effect on litigation of otherwise nonfrivolous lawsuit), and Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir. 1986)(groundless boilerplate allegations did not warrant sanctions since it was "doubtful whether anyone gave the [ ] claims serious consideration or devoted any significant work toward disposing of them"), cert. denied, 480 U.S. 918 . . . (1987), with Patterson[ v. Aiken], 841 F.2d [386,] 387 [(11th Cir. 1988)]("The district court was within its discretion in imposing Rule 11 sanctions as to a single count of a multiple count complaint, where the effect and cost of that count could be separated from that of the other counts.").

Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152, 1158 (10th Cir. 1991)(fourth alteration in original).

## ANALYSIS

Having carefully reviewed the Objections according to rule 72(a) of the Federal Rules of Civil Procedure, and the relevant law, the Court will overrule the Objections. See Fed. R. Civ. P. 72(a). Rule 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Bowman's first Objection to Magistrate Judge Yarbrough's Order is that it lists and applies the wrong legal standard, because it does not apply an objective standard. See Objections at 1-5. Indeed, courts "'evaluate [an attorney's] conduct under a standard of "objective reasonableness -- whether a reasonable attorney admitted to practice before the district court would file such a document."'" Collins v. Daniels, 916 F.3d at 1320 (quoting Predator Int'l Inc. v. Gamo Outdoor USA, Inc., 793 F.3d at 1182 (quoting Adamson v. Bowen, 855 F.3d 668, 673 (10th Cir. 1988)))(alterations in original). There is no indication in the Order, however, that Magistrate Judge Yarbrough applies anything other than an objective standard. Having reviewed the statements that Bowman asserts are baseless or frivolous, the Court agrees that the statements were not meant intentionally to delay litigation, they are warranted by existing law, and the defense attorney's conduct is objectively reasonable while defending this case.

Bowman's second Objection is to the Order's analysis under rule 11(b)(2) and 11(b)(3). See Objections at 5-15. In her Motion, Bowman asserts that certain statements violate rule 11(b)(2), because Friedman "does not provide a support in law for this legal contention," Motion

¶ 3, at 2, "provided no case law or statutes supporting any one of these legal allegations," Motion ¶ 3, at 3, and "had not supported that claim with any . . . law," Motion ¶ 7, at 5.  Bowman also argues in her Motion that Friedman violates rule 11(b)(3) by asserting: (i) "sovereign immunity under the New Mexico Tort Claims Act[, N.M.S.A. §§ 41-4-1 to -27] without support in . . . facts;" and (ii) that "this Court lacks subject matter jurisdiction [without having] supported that claim with any facts [or] evidence . . . ."  Motion ¶¶ 6-7, at 5.  Magistrate Judge Yarbrough rejects those arguments, concluding that

> Plaintiff mischaracterizes the requirements of Rule 11(b)(2).  Rule 11(b)(2) does not require that an attorney or party provide citations to legal authority.  Rule 11(b)(2) requires only that the claims, defenses and other legal contentions in any documents filed with the Court are warranted by existing law.
>
> . . .
>
> Plaintiff mischaracterizes the requirements of Rule 11(b)(3).  Rule 11(b)(3) does not require that an attorney or party provide evidence and facts.  Rule 11(b)(3) requires only that any factual contentions in documents filed with the Court are warranted on the evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Order at 4.

In her Objections, Bowman argues that "[a]ccording to this Court the Defendant is allowed to keep to herself only the citations to legal authorities supporting her claims and allegations, and does not have to share those authorities and factual contentions with the Court or the opposing party."  Objections at 5.  The Court agrees, however, with Magistrate Judge Yarbrough that rule 11 only requires that legal and factual contentions be warranted by existing law and evidentiary support.  See Order at 4.  If Bowman wanted to argue that Friedman insufficiently supports her arguments by failing to include citations to legal authority or facts, Bowman should have done so

in her responses to those specific motions.  Even so, that argument is not grounds for rule 11 sanctions in this instance.

Bowman also discusses her case's merits -- that her federal tax returns were not needed in the State court case to determine if she was an employee or independent contractor -- and argues that "[t]he Defendant knows all of these authorities, the Defendant knows that the federal tax return is not relevant to the Plaintiff's issue of worker's status, and that is why the Defendant CANNOT possibly find and cite any authorities supporting her hypothesis."  Objections at 11 (capitalization in original).  That Friedman disagrees with Bowman on the merits of Bowman's case, a disagreement grounded in existing law and facts, is also not grounds, however, for rule 11 sanctions.

Bowman's third Objection mirrors her first: that Magistrate Judge Yarbrough did not apply an objective standard when he held that "[h]aving reviewed the documents containing the purportedly baseless statements and frivolous legal contentions, the Court finds Defendant's purpose in filing each of her documents has been to vindicate her rights."  Objections at 15 (quoting Order at 3).  The Court determines that there is no error in this conclusion.  Rule 11(b)(1) examines whether a motion or other paper is being presented for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  While Bowman complains only about some statements that Friedman includes in a variety of filings, Magistrate Judge Yarbrough examines the filings as a whole, as well as the individual statements, to determine if they were filed for an improper purpose, as rule 11(b)(1) requires.  In sum, the Court concludes that Magistrate Judge Yarbrough's Order is not clearly erroneous or contrary to law.

- 8 -

**IT IS ORDERED** that Plaintiff's Objections to Court's Memorandum Opinion and Order Denying Motion for Sanctions, filed April 21, 2022 (Doc. 49), are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Daniela Bowman
Albuquerque, New Mexico

    *Plaintiff pro se*

Samantha E. Kelly
Miller Stratvert P.A.
Albuquerque, New Mexico

-- and --

Paula Grace Maynes
Miller Stratvert, P.A.
Santa Fe, New Mexico

    *Attorneys for the Defendant*