## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANIELA BOWMAN,

      Plaintiff,

vs.                                                                 No. CIV 21-0675 JB/SCY

CORDELIA FRIEDMAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Alter or Amend a Judgment, filed September 27, 2022 (Doc. 56)("Motion"). In the Motion, Plaintiff Daniela Bowman asks the Court to reconsider its prior Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 31, 2022 (Doc. 54)("MOO"), which dismisses this case. See Motion at 1; MOO at 20. Bowman is proceeding pro se. The Court referred this matter to the Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico. See Order of Reference Relating to Non-Prisoner Pro Se Cases at 1, filed January 31, 2022 (Doc. 44). Judge Yarbrough entered the Proposed Findings and Recommended Disposition Regarding Motion to Alter or Amend a Judgment, filed February 1, 2023 (Doc. 61)("PFRD"). The PFRD recommends that the Court deny Bowman's Motion. See PFRD at 17. Bowman timely filed the Plaintiff's Objections to Court's Proposed Findings and Recommended Disposition Regarding Motion to Alter or Amend a Judgment, filed February 13, 2023 (Doc. 62)("Objections").

The Court has considered: (i) Bowman's Motion; (ii) the Defendant's Response in Opposition to Plaintiff's Motion to Alter or Amend a Judgment, filed October 17, 2022 (Doc. 58);

(iii) the Plaintiff's Reply in Support of Her Motion to Alter or Amend a Judgment, filed October 26, 2022 (Doc. 59); (iv) Magistrate Judge Yarbrough's PFRD; and (v) Bowman's Objections, in light of the legal standards described below. The Court also has conducted a de novo review of the portions of the PFRD to which Bowman objects. The Court concludes that Bowman's Objections to Magistrate Judge Yarbrough's PFRD lack a sound basis in the relevant facts and applicable law, and therefore overrules the Objections.

## PROCEDURAL BACKGROUND

On July 21, 2021, Bowman filed her Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1)("Complaint"). The Complaint alleges violations of Bowman's due process rights under the Fourteenth Amendment to the Constitution of the United States of America, U.S. const. amend. XIV, and Bowman's rights to be free of unreasonable seizure under the Fourth Amendment, U.S. const. amend. IV. See Complaint ¶¶ 1-54, at 1-22. Bowman's claims arise out of allegations that, in a separate State court proceeding regarding whether Bowman should have filed a refund of gross receipt taxes as an employee or as an independent contractor, Defendant Cordelia Friedman made false statements to the State court, causing that court to enter an allegedly illegal discovery order and to dismiss the case before trial. See Complaint ¶¶ 5-6, at 2; id. ¶ 9, at 4. Friedman moved to dismiss this action on October 27, 2021. See Defendant Cordelia Friedman's Motion to Dismiss, filed October 27, 2021 (Doc. 19). The Court referred the case to Magistrate Judge Yarbrough to propose findings of fact and recommend the case's ultimate disposition. See Order of Reference Relating to Non-Prisoner Pro Se Cases at 1. Magistrate Judge Yarbrough submitted his Proposed Findings and Recommended Disposition Regarding Motion to Dismiss, filed June 7, 2022 (Doc. 52)("MTD PFRD"). In response to the MTD PFRD, Bowman filed the Plaintiff's Objections to Court's Proposed Findings and Recommended Disposition Regarding Motion to

Dismiss, filed June 21, 2022 (Doc. 53).   The Court adopted Magistrate Judge Yarbrough's recommendations, overruled Bowman's objections to the MTD PFRD, and dismissed the case on August 31, 2022.  See MOO at 20; Final Judgment at 1, filed August 31, 2022 (Doc. 55).

More specifically, in the MOO, the Court overrules Bowman's five objections.  First, the Court overrules Bowman's objection that the compulsory production of a person's private papers is a search and seizure under the Fourth Amendment and concludes that Bowman does not allege satisfactorily a search and seizure, because Bowman does not allege that she was arrested and does not allege that anyone seized her private papers.  See MOO at 10-13.  Second, the Court overrules Bowman's objection that the MTD PFRD did not accept her factual allegations and used the wrong procedural due process standard, concluding that Bowman's disagreement with the State court proceeding's outcome is not sufficient to establish a due process violation, and that Magistrate Judge Yarbrough did not err in concluding that Bowman did not state facts demonstrating that she did not receive due process.  See MOO at 13-15.  Third, the Court overrules Bowman's objections to the MTD PFRD's recommendation that the Court deny Bowman's request for a surreply.  See MOO at 15-16.   Fourth, the Court overrules Bowman's objection to the MTD PFRD's recommendation that the Court consider only the allegations in the Complaint.  See MOO at 16-17.  Fifth, the Court overrules Bowman's objection that, because she did not put her federal tax returns at issue in the case, and because they are private papers not subject to discovery, her federal tax returns were not relevant to the case.  See MOO at 17-20.  The Court overrules this objection, agreeing with the Court of Appeals of New Mexico's conclusion in the underlying State case that her tax returns were neither privileged nor irrelevant, and determining that the returns were at issue in the State case.  See MOO at 17-20 (citing Bowman v. Manforte, No. A-1-CA-37874, 2020 WL

1322248, ¶ 5, at *1 (N.M. Ct. App. February 28, 2020); <u>Breen v. State Taxation and Rev. Dep't</u>, 2012-NMCA-101 ¶ 27, 287 P.3d 379, 388).

Bowman filed the present Motion on September 27, 2022.  <u>See</u> Motion at 1.  In the Motion, Bowman asserts that the Court made eighteen mistakes in deciding to dismiss the case in its MOO.  <u>See</u> Motion at 1-32.  The Court summarizes them briefly here.  First, Bowman asserts that the Court did not rule on the Plaintiff's Objections to Court's Memorandum Opinion and Order Denying Motion for Sanctions, filed April 21, 2022 (Doc. 49)("Sanctions Objections").  <u>See</u> Motion at 1-2.  Second, she argues that the Court misunderstands her allegations, and that she has not "alleged that if her tax returns were at issue they are not subject to discovery ***because they are private papers***."  Motion at 3 (emphasis in original).  Third, she argues that the Court misinterpreted <u>Breen v. State Taxation and Revenue Department</u> and that the Court of Appeals of New Mexico's opinion in that case does not require Bowman to disclose her tax information under N.M.S.A. § 7-1-8.4.  <u>See</u> Motion at 3-6.  Fourth, Bowman argues that the Court should not have agreed with the Court of Appeals of New Mexico's conclusion that Bowman's federal tax returns are relevant to whether she is an employee or independent contract, because "the Court is not authorized to accept the 'truth of matters asserted therein,'" and that Friedman's alleged perjury tainted the Court of Appeals of New Mexico's decision.  Motion at 6-8 (quoting <u>Tal v. Hogan</u>, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006)).  Fifth, Bowman asserts that: (i) the Court "believed Friedman's false statements in her MTD" and that the Court therefore states incorrectly that, "'[b]ecause Bowman is contesting her tax liability, she has put the taxpayer's own liability for taxes at issue'"; and (ii) she puts only her gross receipt taxes at issue and not her federal income taxes.  Motion at 8-12 (no citation given for quotation)(alteration in Motion).

The next six mistakes that Bowman asserts concern her Fourth Amendment claim.  See Motion at 13-22.  Sixth, Bowman argues that the Court made the mistaken determination that she had not been searched or seized, because she asserts that, when the State court required her to stay in the courtroom to fill out Internal Revenue Service ("IRS") Form 4506, [1] the State court's show of force amounted to an arrest, and that the Court should have considered the MTD Objections' framing of this event as an arrest, even though she does not describe it as an arrest in the Complaint.  See Motion at 13-15.  Seventh, Bowman argues that the Court misunderstood the facts when it determined that Bowman does not allege that Friedman ever obtained Bowman's tax returns after Bowman filled out IRS Form 4506 and that Bowman therefore does not state an unlawful-seizure claim.  See Motion at 15-16.  Bowman asserts instead that she does not allege that Friedman seized her tax returns, but that IRS Form 4506 itself became a part of her personal papers once she signed it, and that Friedman seized that document unlawfully after Bowman completed it in the courtroom.  See Motion at 15-16.  Eighth, Bowman argues: (i) that the Court misquotes and relies on inapposite caselaw in explaining that, to state a Fourth Amendment claims, she must allege: (a) that a seizure occurred, and (b) that the seizure was unreasonable; (ii) that she does not need to show an actual seizure occurred; and (iii) that she cites the proper caselaw on the protections afforded to private papers and on the review that court should apply to the veracity of affidavits used to support warrants or writs.  See Motion at 16-19.  Ninth, Bowman argues that the Court ignored that "Friedman testified that the document she was seeking from Plaintiff cannot be obtain [sic] from IRS," and that "[t]his fact alone supports the unreasonableness of the warrant Friedman

---

[1]IRS Form 4506, also called a "Request for Copy of Tax Return," allows taxpayers to request copies of their tax returns or designate third parties to receive tax returns.  About Form 4506, Request for Copy of Tax Return, IRS (Jan. 27, 2023), https://www.irs.gov/forms-pubs/about-form-4506 (last visited June 5, 2023).

obtained via deception giving rise to Plaintiff's Fourth Amendment claim." Motion at 20 (citing Complaint ¶ 21, at 10).  Tenth, Bowman asserts that the Court did not consider that, in the underlying State litigation, Bowman supplied a personal copy of her federal tax return, even though Friedman insisted on an IRS-certified copy.  See Motion at 20.  Eleventh, Bowman argues that the Court "did not recognize the constitutional right of a person to invoke the Fifth Amendment protection when refusing to disclose personal information," which she invoked in her State lawsuit, because, as she asserts, she was under threat of criminal charges for making fraudulent or false tax returns.  Motion at 21-22.

The final seven mistakes that Bowman asserts concern her due process claim.  See Motion at 22-32.  Twelfth, Bowman argues that the Court's assertion that Bowman received an appropriate level of process is improper, because the Court did not have sufficient information at the motion-to-dismiss stage to make that determination.  See Motion at 23.  Thirteenth, Bowman argues that the Court determined improperly that she did not "plainly state what constitutionally protected rights she was deprived of, the circumstances of deprivation and that the person responsible acted under the color of law," that the Court did not consider that: "1) Plaintiff did not have a trial, 2) Plaintiff did not present any evidence on her issue because 3) Friedman committed perjury." Motion at 23.  Fourteenth, Bowman argues that the Court's determination that Bowman participated proactively in her lawsuit is not the standard the Court should have used to determine whether she was afforded an appropriate level of due process, but that the Court instead should have considered whether she had: (i) an opportunity to make an oral presentation; (ii) an opportunity to present evidence and witnesses; (iii) the opportunity to cross-examine witnesses and confront evidence used against her; and (iv) a right to an attorney to present her case.  See Motion at 24-25 (citing Bd. of Educ. Of Carlsbad Mun. Schs. v. Harrell, 1994-NMSC-096, ¶ 25,

118 N.M. 470, 478, 882 P.2d 511, 519).  Fifteenth, Bowman argues that the Court did not consider fully her allegation that Friedman lied to the State court, "automatically giv[ing] rise to 'denial of due process' claim," because the State court's orders and proceedings are not valid.  Motion at 25-26.  Sixteenth, Bowman argues that the Court "did not consider the State specific due process afforded to New Mexico taxpayers when it dismissed the claim," and that she did not receive a review of her gross receipt tax assessment or a written determination of liability or nonliability, in violation of the New Mexico Taxpayer Bill of Rights, N.M.S.A. § 7-1-4.2.  Motion at 26-28.  Seventeenth, Bowman argues that, "[i]f this Court is going to judge the merits of the due process afforded to Plaintiff, the Court must establish the substantive law on the issue raised," and argues that New Mexico gross receipt tax regulations do not permit Friedman to dictate which evidence is necessary to prove Bowman's tax dispute.  Motion at 29-30 (citing N.M.A.C. 3.2.105.7; Eaton v. Bureau of Rev., 1972-NMCA-114, ¶ 12, 84 N.M. 226, 228, 501 P.2d 670, 672).  Eighteenth, Bowman argues that the Court misconstrued her argument to be that she is unhappy with the State court's decision, and not with the violation of her due process rights, and argues that Friedman singled her out for discriminatory treatment.  See Motion at 30-31.

Magistrate Judge Yarbrough addresses each of Bowman's arguments in the PFRD.  See PFRD at 1-17.  First, he determines that Bowman's argument about her Sanctions Objections is moot, because the Court since has entered an order overruling them.  See PFRD at 3 (citing Memorandum Opinion and Order Overruling Plaintiff's Objections to the Magistrate Judge's Order Denying Motion for Sanctions, filed October 11, 2022 (Doc. 57)).  Second, Magistrate Judge Yarbrough determines that Bowman's argument that she did not allege that her tax returns were not subject to discovery, because they are private papers, "appears to be [an argument] that she never made a privacy objection and that if her tax returns had been relevant, she would have turned

them over without making a privacy objection," an argument which he determines to be "simply a rehashing of her argument that her tax returns were not relevant." PFRD at 4. Third, Magistrate Judge Yarbrough considers Bowman's argument that the Court misinterpreted N.M.S.A. § 7-1-8.4, and concludes that the Court did not extend the statute's plain language, but applied its reasoning to an individual tax litigant, and that Bowman has not shown that the Court's reasoning was clear error. See PFRD at 4-5. Fourth, Magistrate Judge Yarbrough reviews Bowman's argument that the Court relied improperly on the Court of Appeals of New Mexico's reasoning and concludes that Bowman's reliance on caselaw regarding judicial notice applies to the State court's factual findings, but that the Court examined Bowman's allegations without relying on the State court's factual findings and came to the same conclusion on its own. See PFRD at 6-7. Fifth, Magistrate Judge Yarbrough reviews Bowman's argument that "she only put her gross receipt tax liability at issue, not her income tax returns," and determines that this argument repeats her previous arguments, that Bowman may not now argue that Friedman made false statements in the MTD briefing, when she should have done so during the briefing process, and that she "offers no reason why the Court should revisit these issues." PFRD at 7.

Sixth, Magistrate Judge Yarbrough considers Bowman's argument that she was seized when the State court judge ordered her to stay in the courtroom until she completed IRS Form 4506, and determines that Bowman does not present allegations that Friedman violated her Fourth Amendment rights for the State court judge's detaining her in the courtroom. See PFRD at 8-9. Seventh, Magistrate Judge Yarbrough reviews Bowman's argument that IRS Form 4506 was part of her personal papers and that Friedman illegally seized that, and notes that she does not make this allegation in her Complaint and makes "no reference in the complaint of Defendant Friedman ever having possession of it or using it." PFRD at 9 (citing Complaint ¶ 23, at 10-11). Eighth,

Magistrate Judge Yarbrough considers Bowman's argument that the Court should not have held that "no actual search or seizure ever occurred of her tax returns because she never produced them in response to the state-court's order," and determines that "[t]his is simply a repeat of arguments Plaintiff made in response to the motion to dismiss and in her objections to the PFRD and she fails to explain why reconsideration is warranted."  PFRD at 10.  Ninth, Magistrate Judge Yarbrough addresses Bowman's argument that the Court did not consider that the IRS could not have delivered her federal tax return, and determines that "this argument appears to be attacking the grounds upon which the state court issued its discovery order, but does not address the Court's holding in the Dismissal Order that Plaintiff failed to assert that either a search or a seizure actually occurred."  PFRD at 10.  Tenth, Magistrate Judge Yarbrough addresses Bowman's argument that the Court did not consider that she supplied a personal copy of her federal tax return, and concludes that, "[t]o the extent Plaintiff is arguing that Defendant did seize and search her tax returns because Plaintiff turned part of them over, this allegation does not appear in her complaint," and concludes that her allegation that she offered her personal copy of the form to the court "only support[s] the Court's conclusion . . . that Plaintiff never actually produced her tax returns involuntarily and so neither a search nor seizure ever occurred."  PFRD at 10-11 (citing Complaint ¶ 50, at 21-22).  Eleventh, Magistrate Judge Yarbrough considers Bowman's argument that the Court did not recognize her Fifth Amendment right to refuse to disclose personal information, concluding that "this argument appears to attack the validity of the state-court discovery order," and does not address the Court's conclusion that Bowman does not state a Fourth Amendment claim, because she does not allege that a search or seizure ever occurred.  PFRD at 11.

Twelfth, Magistrate Judge Yarbrough considers Bowman's argument that the Court cannot determine at the motion-to-dismiss stage whether she received an appropriate level of process, and

concludes that the Court did not review the evidence, but considered only the allegations in Bowman's Complaint.  See PFRD at 12-13.  Thirteenth, Magistrate Judge Yarbrough considers Bowman's argument that the Court determined improperly that she did not meet the requisite pleading requirements, and concludes that "[t]his argument is a repeat of her argument made in response to the motion to dismiss and in her objections which the Court already considered and rejected."  PFRD at 13.  Fourteenth, Magistrate Judge Yarbrough considers Bowman's argument that the Court did not apply the correct procedural due process standard, and concludes that Bowman misunderstands that the elements that the Supreme Court of New Mexico explains in Board of Education of Carlsbad Municipal Schools v. Harrell are not strict requirements, but that due process considerations are flexible.  See PFRD at 14-15 (citing Bd. of Educ. Of Carlsbad Mun. Schs. v. Harrell, 1994-NMSC-096, ¶¶ 23, 25, 118 N.M. at 478, 882 P.2d at 519).  Fifteenth, Magistrate Judge Yarbrough reviews Bowman's argument that Friedman's alleged lies automatically give rise to a due process claim, and concludes that "the Dismissal Order held that 'even assuming Defendant made lies and misrepresentations to the state court, those lies did not exclude Plaintiff from engaging in the state court process,'" and that Bowman does not explain why the Court should reconsider this conclusion.  PFRD at 15 (quoting MOO at 14).  Sixteenth, Magistrate Judge Yarbrough considers Bowman's arguments that: (i) the Court did not consider State-specific due process provisions which apply to New Mexico taxpayers; (ii) Bowman has a right to a written determination of liability of nonliability of gross receipt taxes; and (iii) Friedman deprived Bowman of the opportunity to meet her burden to present evidence on the disputed tax assessment.  See PFRD at 15-16.  Magistrate Judge Yarbrough concludes that: (i) the Court determined that Bowman has had a review of her tax protest; (ii) Bowman misunderstands New Mexico tax law, because the N.M.S.A. § 7-1-4.2(I) provision is not applicable to the situation in

this case, where Bowman has not entered into a compromise or closing agreement with the tax secretary; and (iii) Bowman's third point is a repeat of arguments which the Court rejected previously.  See PFRD at 15-16.  Seventeenth, Magistrate Judge Yarbrough considers Bowman's argument that Friedman has lied whether her federal tax returns are relevant evidence, and concludes that this argument repeats her previous arguments, and that the "Court has concluded that Plaintiff's complaint alleges that she had an opportunity to be heard in the state court, including an opportunity to address Defendant's alleged lies."  PFRD at 17 (citing MOO at 14).  Eighteenth, Magistrate Judge Yarbrough considers Bowman's argument that her lawsuit is not about her having lost her State case, but about the vindication of her due process rights, and concludes that the Court has concluded that the "Plaintiff's allegations make clear that she was afforded appropriate process in the state court.  Plaintiff offers no reason to reconsider that holding."  PFRD at 18.  Accordingly, Magistrate Judge Yarbrough recommends that the Court decline to reconsider its MOO on all of Bowman's eighteen grounds and that it deny the Motion.  See PFRD at 1-18.  Bowman filed her Objections to the PFRD on February 13, 2023.  See Objections at 1-21.  The Court summarizes and considers her Objections in the Analysis section below.

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."); 28 U.S.C. § 636(b)(1)(B).  Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections to a

Magistrate Judge's recommended disposition: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  See 28 U.S.C. § 636(b)(1).  When resolving objections to a Magistrate Judge's recommended disposition, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United States v. 2121 E. 30th St., Tulsa, Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("2121 East 30th Street")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency."  2121 East 30th Street, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

---

[2]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

- 12 -

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." 2121 East 30th Street, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" 2121 East 30th Street, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." 2121 East 30th Street, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

---

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

In 2121 East 30th Street, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general.  See 2121 East 30th Street, 73 F.3d at 1060.  The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- notes:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Pevehouse v. Scibana, Goings v. Sumner Cnty. Dist. Atty's Off., 571 F. App'x 634 (10th Cir. 2014), Hunter v. Hirsig, 660 F. App'x 711 (10th Cir. 2016), Reed v. Heimgartner, 579 F. App'x 624 (10th Cir. 2014), and Leek v. Androski, No. 21-3165, 2022 WL 1134967 (10th Cir. April 18, 2022), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" 2121 East 30th Street, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask.  [A failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard."). In 2121 East 30th Street, the Tenth Circuit notes that the district judge had decided sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit holds that it would deem the issues waived on appeal, because waiver would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but courts of appeals opted to enforce waiver rule).

When a party files timely and specific objections to the Magistrate Judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).  The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant

evidence of record and not merely review the magistrate judge's recommendation."  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court notes that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD.  See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (no citation given for quotation)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla. but not in 28 U.S.C. § 636(b)(1))).  "'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'"  Andrews v. Deland, 943 F.2d 1162, 1170 (10th Cir. 1991)(quoting United States v. Raddatz, 447 U.S. at 676).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past, and in the interests of justice, reviewed the Magistrate Judge's recommendations.  For example, in Thurlo v. Guiding Star LLC, No. CIV 12-0889 JB/LFG, 2012 WL 5378963 (D.N.M. September 26, 2012)(Browning, J.), the Court conducted a review even where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the

PFRD." 2012 WL 5378963, at *3. The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously]⁴ contrary to law, or an abuse of discretion." Thurlo v. Guiding Star LLC, 2012 WL 5378963, at *3. This review, which is deferential to the Magistrate Judge's work when there are no objections, nonetheless provides some review in the interest of justice, and is more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those

---

⁴The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation is "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of "contrary to law." Solomon v. Holder, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning, J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858 JB/GBW, 2013 WL 499521, at *7 (D.N.M. January 31, 2013) (Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625 JB/RHS, 2013 WL 503744, at *4 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

## RELEVANT LAW REGARDING MOTIONS TO RECONSIDER

The Federal Rules of Civil Procedure do not recognize motions for reconsideration. See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Instead, a motion for reconsideration "may be construed in one of two ways: if filed within [28][5] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d at 1296 n.3 (citing Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000)). Under the rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014).

---

[5]Since the Tenth Circuit published Computerized Thermal Imaging, Inc. v. Bloomberg, L.P. in 2002, the relevant rule 59(e) period has changed from 10 days to 28 days.

## RELEVANT LAW REGARDING PRO SE FILINGS

When plaintiffs proceed pro se, the Court generally construes their pleadings liberally, holding them to a less stringent standard than those filed by a party represented by counsel.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court therefore makes allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court will not, however, construct arguments or search the record for the pro se party.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).  A pro se litigant waives issues if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support."  Garrett v. Selby Connor Maddux & Janer, 425 F.3d at 840.

## ANALYSIS

The Court has considered the Motion and briefing thereon, the PFRD, and Bowman's Objections to the PFRD's recommendation that the Court dismiss the Motion.  Bowman's Motion requests relief pursuant both to rule 59(e) and rule 60(b) without arguing why either should apply.  See Motion at 1.  Bowman filed her Motion on September 27, 2022, which was twenty-seven days after the MOO's and Final Judgment's entry.  See Motion at 1; MOO at 1; Final Judgment at 1.  Accordingly, the Court treats her Motion as a request to alter or amend the judgment under rule 59(e).  See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d at 1296 n.3.  Bowman makes three objections to Magistrate Judge Yarbrough's handling in the PFRD of the eighteen mistakes which she raises in the Motion.  First, she objects to Magistrate Judge Yarbrough's recommendation that the Court "deny amending its determination that Plaintiff's have [sic] put her tax return at issue during her state litigation," because "[s]uch determination is

- 19 -

premature, . . . against the standard of review for motion under Rule 12(b)(6), and . . . factually and legally wrong." Objections at 1. Second, she "objects to the Court ignoring the law, case law and the facts in the Complaint when the PFRD recommended dismissing Plaintiff's claim for violations of the Fourth Amendment on arbitrary grounds." Objections at 6. Third, she "objects to the recommendation of the Court to dismiss her due process claim based on the arbitrary determination of the Court inconsistent with the judiciary standard of review of MTD for failure to state a claim." Objections at 12. The Court addresses each of Bowman's objections in turn.

I.    **THE COURT OVERRULES BOWMAN'S OBJECTION THAT SHE DID NOT PUT HER TAX RETURNS AT ISSUE DURING THE STATE LITIGATION.**

In the MOO, the Court determines that Bowman fails to state a claim for unreasonable search and seizure, because her tax returns were an appropriate subject of discovery in the state court case. See MOO at 17. Bowman moves the Court to reconsider this decision, see Motion at 3-12, a motion which Magistrate Judge Yarbrough recommends denying, see PFRD at 3-7. Bowman now objects to Magistrate Judge Yarbrough's recommendation. See Objections at 1-6.

First, Bowman argues that the Court did not follow the rule 12(b)(6) standard, because it did not accept all her factual allegations in the Complaint as true when deciding the motion to dismiss, as rule 12(b)(6) requires. See Objections at 2-5. Indeed, when evaluating a motion to dismiss under rule 12(b)(6), a court must "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" Schrock v. Wyeth, Inc., 727 F.3d 1273, 1280 (10th Cir. 2013)(quoting Kerber v. Qwest Grp. Life Ins. Plan, 647 F.3d 950, 959 (10th Cir. 2011)). Rule 12(b)(6) does not require, however, the Court to accept conclusions of law or the asserted application of law to the alleged facts. See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994). Nor does it require the Court to accept as true legal

conclusions that are masquerading as factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, Bowman alleges in her Complaint that the only issue in the State court case was whether she was an employee or independent contractor, and that Friedman incorrectly told the State court that Bowman's tax returns were at issue.  See Complaint ¶ 6, at 2-3; id. ¶ 24, at 11-12. Bowman argues that the Court erred by not accepting these statements as true and holding instead that she put her tax returns at issue.  See Objections at 1-3.  The Court disagrees that it erred, because Bowman's argument that she did not put her tax returns at issue in the State court is a legal conclusion, and not a factual statement.  Thus, the Court did not need to accept the legal conclusion as true, but evaluated instead her factual statements and concluded that, accepting them as true, her tax returns were a proper subject of discovery in the State court case as a legal matter.

Next, Bowman argues that she never made a privacy objection to production of her gross receipt tax returns, but only to the production of her income tax returns, and that the Court "cannot distinguish between the meaning of the words 'gross receipt taxes' and 'Federal income taxes.'" Objections at 3-4, 5-6 (no citation given for internal quotation).  The Court agrees with the PFRD that "this argument is simply a rehashing of her argument that her tax returns were not relevant to the state court proceedings and thus should not have been turned over."  PFRD at 4.  See id. at 7. The Court already declined to agree with this argument, and Bowman does not explain why reconsideration is warranted.

Last, Bowman argues that the Court misapplied N.M.S.A. § 7-1-8.4 in the MOO.  See Objections at 4.  Magistrate Judge Yarbrough addresses this argument in the PFRD, explaining that

the Court reasoned in its Dismissal Order that, "While a taxpayer's tax returns are, in most cases, confidential, New Mexico law lifts this protection 'during judicial proceedings when the taxpayer is a party, and tax administration is the gist of the case.'" Doc. 54 at 18 (citing *Breen v. State Tax. & Rev. Dep't*, 2012-NMCA-101, ¶ 27 & NMSA § 7-1-8.4(A)(3)). The Court went on to reason that, "Although N.M.S.A. § 7-1-8.4(A) refers specifically to a NMTRD employee's revelation of a taxpayer's tax return or return information, such a reading extends reasonably to requiring a taxpayer to reveal that same information in the same proceedings." Doc. 54 at 19 (citing *Breen*, 2012-NMCA-101, ¶ 42 (Sutin, J., concurring)).

. . . .

Plaintiff is correct that Section 7-1-8.4 only applies to employees of the NMTRD releasing tax information, not to taxpayers themselves. But the Court did not attempt to extend the plain language of Section 7-1-8.4 or hold that Section 7-1-8.4 implicitly applies to taxpayers. Instead, the Court looked at the reasoning behind the section and applied that reasoning to the present case to conclude that taxpayers must also release their tax returns that they put at issue in a lawsuit. *See* Doc. 54 at 19 ("Although N.M.S.A. § 7-1-8.4(A) refers specifically to a NMTRD employee's revelation of a taxpayer's tax return or return information, such a reading extends reasonably to requiring a taxpayer to reveal that same information in the same proceedings.").

PFRD at 4-5. The Court agrees with this reasoning and overrules Bowman's objection.

## II.    THE COURT OVERRULES BOWMAN'S OBJECTION THAT THE PFRD RECOMMENDS DISMISSING HER FOURTH AMENDMENT CLAIM <u>ARBITRARILY</u>.

The Court concludes in the MOO that Bowman fails to state a claim for a Fourth Amendment violation, because she does not allege that a search or seizure ever occurred. <u>See</u> MOO at 10-13. Bowman asks the Court to reconsider this conclusion, <u>see</u> Motion at 12-22, a request which the PFRD recommends denying, <u>see</u> PFRD at 7-11. Bowman now objects to the PFRD. <u>See</u> Objections at 6-11.

First, Bowman argues that a violation of the Fourth Amendment occurred, because she was detained in the courtroom after Defendant "lied" to the State court. Objections at 6-8. As discussed in the MOO, the Court considered this argument and determines that

- 22 -

> Bowman . . . falls short of alleging the occurrence of a search and seizure for two
> reasons.  First, she does not allege that she was arrested, but only that the State court
> detained her in the courtroom and that she "almost lost her freedom."  Complaint
> ¶ 23, at 11.  Bowman's Complaint, likewise, does not allege a Fourth Amendment
> violation against Friedman for the State court detaining Bowman in the courtroom.
> See Complaint ¶¶ 32-48, at 16-21.

MOO at 12.  In her Objections, Bowman acknowledges that Friedman did not seize her, but asserts

that "[t]here is no doubt that perjury by an affiant is a violation of the Fourth Amendment when it

leads to the actual seizure (arrest, detention) of a person."  Objections at 7.  Bowman supports this

assertion with citations to cases that discuss probable cause and false statements made in affidavits

for search warrants.  See Objections at 7, 10 (citing United States v. Basham, 268 F.3d 1199, 1204

(10th Cir. 2001); United States v. Royce, No. 22-CR-163-JFH, 2023 WL 253136, at *2 (N.D.

Okla. January 18, 2023)(Heil, J.)(quoting United States v. Danhauer, 229 F.3d 1002, 1006 (10th

Cir. 2000)).  Such cases are inapplicable here, and Bowman does not offer any further reasoning

for the Court to reconsider its prior decision.

Second, Bowman asserts that a seizure occurred when she was forced to sign and submit

Internal Revenue Service ("IRS") Form 4506.  See Objections at 8.  That is, although the

Complaint never alleges that Friedman used the form to obtain Bowman's tax returns, Bowman

argues that being forced to sign the form and present it to Friedman was itself an unreasonable

seizure of that specific form.  See Objections at 8-9.  As the PFRD notes, Bowman raises this issue

for the first time in her Motion.  See PFRD at 9.  Bowman's Complaint alleges only that the State

court's discovery order for her federal tax returns is an unreasonable search and seizure of her tax

returns, and not that signing a form is an unreasonable seizure of that form.  See Complaint ¶¶ 43,

46, at 20-21.  A motion to reconsider, however, is not an opportunity to "advance arguments that

could have been raised earlier."  United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014).

Moreover, as the Court concludes in the MOO, Bowman put her federal tax returns at issue in the State court case, see MOO at 19-20, and turning over a form to gather those tax returns is thus not an unreasonable seizure.

Third, Bowman argues that the standard for a Fourth Amendment violation is whether an unreasonable search or seizure occurred, and not whether an actual search or seizure occurred. See Objections at 9, 11. In other words, Bowmans takes issue with the Court's holding in the MOO that she does not allege that a search or seizure ever actually occurred and thus failed to state a Fourth Amendment claim. See MOO at 10-13. Bowman's present argument repeats the arguments which she made previously, and she does not explain why reconsideration of the MOO is warranted.

Last, Bowman argues that "[t]he Court must consider all factual matter in the Complaint" and points to the allegation in the Complaint that she produced her Schedule C form in response to the state court's discovery order.[6] Objections at 10. Indeed, in the complaint Bowman alleges that she "offered to [Defendant] form Schedule C from her copy of the Federal Return." Complaint ¶ 50, at 21. The Complaint goes on to allege, however, that Friedman "did not accept it." Complaint ¶ 50, at 21. Thus, accepting these facts as true, Bowman's Complaint does not allege that a search or seizure of her federal tax returns actually occurred.

---

[6]The Form 1040 Schedule C allows taxpayers "to report income or loss from a business [they] operated or a profession [they] practiced as a sole proprietor." About Schedule C (Form 1040), Profit or Loss from Business (Sole Proprietorship), IRS (June 2, 2023), https://www.irs.gov/forms-pubs/about-schedule-c-form-1040 (last visited June 15, 2023).

### III.    THE COURT OVERRULES BOWMAN'S OBJECTION THAT THE PFRD'S RECOMMENDATION THAT THE COURT DISMISS HER DUE PROCESS CLAIM IS INCONSISTENT WITH RULE 12(b)(6).

Finally, regarding Bowman's procedural due process claim, the Court determines in the MOO that her "Complaint does not state facts demonstrating that she did not receive the appropriate level of process." MOO at 15. Bowman moves for reconsideration, see Motion at 22-32, a motion which the PFRD recommends that the Court deny, see PFRD at 12-17. Bowman now objects to that recommendation. See Objections at 12-20.

First, Bowman argues that she was denied due process, because she did not receive a trial in the State court or a mandatory hearing. See Objections at 12-17. As the Court held previously, however, the facts in her Complaint demonstrate that Bowman was afforded significant process in the State court, including responding to discovery, pleadings, and motions; addressing the court at hearings; and appealing to the Court of Appeals of New Mexico. See MOO at 13-15; Complaint ¶¶ 15, 17, at 6-8; id. ¶ 19, at 9; id. ¶¶ 23, 25, at 10-12; id. ¶ 31, at 16. Similarly, Bowman repeats arguments that she made previously that Friedman lied to the State court, thus depriving her of her right to procedural due process. See Objections at 16. As the Court determines in the MOO, however "'even assuming Defendant made lies and misrepresentations to the state court, those lies did not exclude Plaintiff from engaging in the state court process.'" MOO at 14 (quoting MTD PFRD at 8). Bowman offers no reason to reconsider these holdings, and the Court declines to change its reasoning.

Second, Bowman asserts that she is entitled to a written determination of liability under N.M.S.A. § 7-1-4.2(I). See Objections at 17-18. As the PFRD explains:

> Plaintiff brought her lawsuit under Section 7-1-26(C)(2) for disputing liabilities and claiming credits, rebates, or refunds. See Doc. 1 ¶ 5. Section 7-1-4.2(I), however, relates to a different process: taxpayers have "the right to seek a compromise of an

> asserted tax liability by obtaining a written determination of liability or nonliability
> when the secretary in good faith is in doubt of the liability as provided in Section
> 7-1-20 NMSA 1978." Section 7-1-20, for its part, allows the taxpayer and the
> secretary to enter into a compromise, known as a closing agreement, if the secretary
> "in good faith is in doubt of the liability of payment." NMSA § 7-1-20. Section 7-
> 1-4.2(I) reiterates that the taxpayer is entitled to seek a compromise when the
> secretary in good faith is in doubt of the liability. Neither Section 7-1-20 nor
> Section 7-1-4.2(I) apply to Plaintiff's case as her case does not concern a
> compromise or closing agreement. And Section 7-1-4.2(I) does not entitle Plaintiff
> to a "'written determination of liability or nonliability' of gross receipt taxes" as
> she alleges. Doc. 56 at 27.

PFRD at 16. In her Objections, Bowman disputes this recommendation, asserting that "Section 7-1-4.2(I) applies fully to Plaintiff" and that "[t]here is no reason to believe that the tax agency will not enter into a 'closing agreement' with Plaintiff in the future." Objections at 17. The Court agrees with the PFRD, however, that Bowman misreads § 7-1-4.2(I) and that it is not applicable to her case.

Last, Bowman cites Eaton v. Bureau of Revenue, 1972-NMCA-114, 84 N.M. 226, 501 P.2d 670, for the proposition that she is entitled to tax protest hearing in the State court case. See Objections at 19. Eaton v. Bureau of Revenue involves an appeal from the Commissioner of the Bureau of Revenue regarding whether the plaintiff was an employee or independent contractor. See 1972-NMCA-114, ¶¶ 1-3, 84 N.M. at 227, 501 P.2d at 671. Eaton v. Bureau of Revenue did not involve a due process claim and is not applicable to Bowman's case. As the Court has stated many times in this case, Bowman's disagreement with the State court case's outcome is not the same as alleging facts showing that she received insufficient process.

**IT IS ORDERED** that: (i) Plaintiff's Objections to the Court's Proposed Findings and Recommended Disposition Regarding Motion to Alter or Amend a Judgment, filed February 13, 2023 (Doc. 62), are overruled; (ii) the Proposed Findings and Recommended Disposition Regarding Motion to Alter or Amend a Judgment, filed February 1, 2023 (Doc. 61), is adopted;

and (iii) Plaintiff's Motion to Alter or Amend a Judgment, filed September 27, 2022 (Doc. 56), is

denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Daniela Bowman
Albuquerque, New Mexico

    *Plaintiff pro se*

Paula G. Maynes
Samantha E. Kelly
Miller Stratvert P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*